## HILL *vs.* PAUL.

A. mortgaged the land in controversy to B. on the 10th of June, 1841; the mortgage deed was filed for record on the 25th of September following. On the 5th and 6th of July, 1841, judgments were rendered against A., and the land was sold by the sheriff, under the judgments, on the 18th of October, 1841. The sheriff's deed was dated January, 18th, 1842, and was acknowledged in court on the 23d March, 1842, and filed for record on the same day. On the day of sale the purchaser was notified of the existence of mortgage: *Held,*

That under the statute concerning " Conveyances," (Rev. Stat. 1835, title, "Conveyances," sec. 31, 32, p. 123,) the lien of the judgment prevailed over that of the mortgage. A judgment obtained after a mortgage was executed, but before it was recorded, will prevail on the mortgage.

APPEAL from Buchanan Circuit Court.

CAMPBELL and HICKMAN, *for Appellant.*

1. The Circuit Court erred in giving the instructions asked by the plaintiff, (below) Paul, and in refusing to give the third instruction asked by the defendant, Hill.—See 1 Dana, 359; 1 *Ibid.*, 166; 4 Bibb, 78.

2. That the Circuit Court erred in overruling the motions for a new trial, and in arrest of judgment.— See Rev. Stat., 1835, p. 339, sec. 1, 2, and 3; Jones *vs.* Luck, 7 Mo. Rep., 551.

Napton, *Judge, delivered the opinion of the Court.*

This was a petition to foreclose a mortgage, brought by Paul, the mortgagee, against Mitchell, the mortgagor, and Hill, the occupant of the mortgaged premises.

At the return term of the writ, Hill appeared and pleaded; at the same term a judgment was entered against Mitchell for the sum of money secured by the mortgage and costs, an appearance having been previously entered for Mitchell.

Hill's plea claimed title in himself, and denied that Mitchell had any title or interest in the premises. To these pleas replications were filed, and issue taken thereon. The issue was tried by a jury, and, under the directions of the court, a verdict was found for the plaintiff.

The facts appearing in evidence were these: The mortgage of Mitchell to Paul was dated on the 10th day of June, 1841; was acknowledged on the same day, *and filed for record* on the 25th of September, 1841. Hill purchased at a sheriff's sale, under judgments and executions against said Mitchell, which judgments were rendered on the 5th and 6th days of July, 1841. The sale under the executions took place on the 18th of October, 1841, and the sheriff's deed was dated January 18th, 1842, acknowledged in court March 23d, 1842, and filed for record on the same day. On the day of the sale, under execution, it appeared that Hill was informed by W. B. Almond, attorney for plaintiff, that there was a mortgage on the lot.

The Circuit Court instructed the jury, that the mortgage was good against the purchaser at the sheriff's sale.

Several objections have been taken to the regularity of the proceedings in this case, in relation to Mitchell, but as the whole merits of the controversy depend entirely on the correctness of the opinion of the Circuit Court, in regard to the relative value of the mortgage and judgment liens, we shall confine our examination to this question.

Our statute requires every instrument in writing, that conveys any real estate, or by which real estate may be affected in law or equity, to be recorded; and declares that the instrument so recorded shall, from the time of filing the same with the recorder, for record, impart notice to all persons of the contents thereof, and that all subsequent purchasers and mortgagees shall be deemed to purchase with notice. (Rev. Code, 1835, title, "Conveyances," p. 123.) The 32d section of the act declares, that "no such instrument *shall be valid*, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record."

In New York, it is held, that an unregistered mortgage has a preference over a subsequent docketed judgment, and the purchaser, at the sheriff's sale, under the judgment, is not protected against the mortgage, if the mortgage is registered before the sale. (Jackson *vs.* Dubois, 4 Johns. Rep., 217; Jackson *vs.* Terry, 13

*Hill* vs. *Paul*.

Johns. Rep., 471.) The statute of that State declares, that the mortgage first registered shall have a preference, and provides, that no mortgage shall defeat or prejudice the title or interest of any *bona fide* purchaser, unless the same be duly registered, according to the provisions of the statute. A judgment creditor is not considered a *bona fide purchaser* within that act, and in the case of Jackson *vs.* Dubois the court express the opinion, that the judgment being by act of law, does not destroy the *lien* acquired by an unregistered mortgage, or gain a preference over it. In Jackson *vs.* Town, (4 Cowen, 606,) the question arose as to the value of an unrecorded deed, (an unconditional conveyance,) in a county where by the law such deeds were declared void, as to subsequent *bona fide* purchasers, or mortgagees, in a contest between the grantee, in such deed, and the purchaser under a judgment against the grantor, docketed subsequently to the conveyance. The sheriff's deed, in that case, was first recorded; but the court held, that the conveyance (being admitted to be *bona fide* and for a valuable consideration) passed all the interest of the grantor, and there was nothing upon which the judgment could operate, and the grantee in the unrecorded deed was adjudged to hold the premises, in opposition to the purchaser at the sheriff's sale.

In Jackson *vs.* Post, (9 Cowen, 120,) the same doctrine is maintained. In this case, the judgment debtor conveyed his land before judgment, and though the deed was not recorded for several years after a sale under the judgment, and no notice of the first deed was given to the purchaser at the sheriff's sale under the judgment, it was held, that the conveyance by the judgment debtor was valid against the subsequent *bona fide* purchaser under the judgment.

In South Carolina the same doctrine prevails, and a prior unrecorded mortgage is preferred to a subsequent judgment. — Executor of Ashe *vs.* Executors of Livingston, 2 Bay Rep., 80.

In Pennsylvania and North Carolina the rule is different, and a judgment creditor is preferred to a prior unregistered mortgage, and is not affected by notice of it. — Semple *vs.* Burd, 7 Serg. and Rawle, 286; Davidson *vs.* Cowen, 1 B. and Dev. Eq. Ca., 470.

The statute of Kentucky declares such deeds void both as to creditors and purchasers, without notice, and in the case of Graham *vs.* Samuel (1 Dana's Ky. Rep., 166,) the Supreme Court of Kentucky determined, under their statute, that a deed not recorded within the time limited by the statute is *void* as to creditors without notice of the conveyance *at the time their debts were contracted*, and that such unrecorded conveyance will not operate as a mortgage, nor create any lien whatever in favor of the grantee, against such creditors. So, in the case of Helm *vs.* Logan's Heirs, (4 Bibb, 78,) the same court held, that a purchaser under execution is not affected by his notice of a mortgage, which was not recorded, and therefore void as to creditors. In that case it was contended, that although the mortgage might be void as to creditors, yet it was not so as to purchasers with notice, and as the purchaser at the sheriff's sale had notice of the unrecorded mortgage, he could not claim the protection of the statute. On this subject the court observe, " This doctrine cannot be admitted to be correct. Nothing could be more absurd than the recognition of such a principle. What would be its consequences? As to credit-

ors the mortgage is void, but as to purchasers under the execution of the creditor, with notice, the mortgage, it is contended, is valid. The creditor cannot enforce the collection of his demand without execution. There must a purchaser intervene. If no other person becomes the purchaser, the creditor will be left to the alternative either to purchase himself or lose his demand; and if he purchases, he thereby loses his character of creditor, and, according to the doctrine contended for, as a purchaser with notice, cannot be protected. A doctrine fraught with such consequences we are not prepared to recognize."

By the British statute it is enacted, that all deeds concerning estates, &c., shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee, for valuable consideration, unless a memorial thereof be registered in the manner thereby prescribed, before the registering of the memorial of the deed under which such subsequent purchaser or mortgagee shall claim. (Sugden on Vendors, 236.) This statute was made for the protection of innocent *bona fide* purchasers without notice, and nothing is said about creditors. Hence, it is held in England, that a subsequent purchaser, with notice of an unrecorded deed, is a *mala fide* purchaser, and therefore not entitled to the protection of the statute.

The principle upon which the English doctrine of notice is founded is highly equitable; but the Kentucky courts considered that it would be a gross perversion of equity to introduce the same rule in giving construction to their statute, which, unlike the British Registry acts, was not confined to purchasers without notice, but extended to creditors. Their observations on this topic are forcible, and not inapplicable to our act. "If the principle," the court observes, "be of the pure equitable origin, and indubitable justice, that we admit it to be, it must require that the creditor should have had notice at the time the debt was contracted, when, according to the intendment deducible from the whole scope and policy of the statute, he was liable to be prejudiced by the non-recording of the deed. Notice at any subsequent period could with no show of equity or propriety be considered so far to affect his conscience as to deprive him of the protection against a secret and unrecorded conveyance, which is extended to him by the very letter of the act. We should make the law "palter" with him, and cheat him with the mere word of promise, were we to determine, that after having declared all unrecorded deeds should be void as against him, when he came to demand the benefit of this declaration, its whole fruition should be snatched from him by the production of a notice of the unrecorded instrument. It would be mere mockery to hold out the idea of protection to creditors against secret conveyances, and yet, when they come to enforce their demands, to permit the secret purchaser to deprive them of protection, by the exhibition of his unrecorded deed."—1 Dana, 168.

Our statute, it will be observed, is somewhat different from any of those commented on and construed in the preceding cases. Its protection is not, like the British and New York Registry acts, confined to *bona fide* purchasers without notice, nor, like the Kentucky statutes, does it in terms embrace creditors as well as purchasers. Its language is general and unqualified; it declares that no unregistered deed *shall be valid*, except between the parties, and such as have actual notice thereof. It is comprehensive enough to embrace creditors as well as pur-

chasers. The unrecorded deed is declared *void* as to all the world, except the parties to it, and those having actual notice. With this understanding of our statute, is it not obvious, that the reasoning of the Supreme Court of Kentucky, in the case of Graham *vs.* Samuel, applies most forcibly, and is recommended by its simplicity and good sense? If the statute protects the *creditor* from the lien of an unrecorded mortgage, would it not completely and effectually destroy the end and purpose of the act to say, that the purchaser under the creditor's judgment stands in no other or better predicament then a direct purchaser from the mortgagor?

To render the lien of the judgment valuable, the creditor must have his execution; but if the purchaser at the sheriff's sale is affected by the notice of the unrecorded deed, the rights of the judgment creditor are destroyed. If the creditor had notice at the time his debt was contracted, the equitable doctrines of notice prevailing in England and New York might then be urged with some show of reason; but a notice given at a sale under his judgment cannot, and should not, alter or affect his rights. When he proceeds to judgment, he is only pursuing the course to secure his debt pointed out by law, and his knowledge of an unrecorded mortgage could not affect his conduct in any respect. He acquires the first *lien*, and that lien should not be divested by a secret conveyance, of which he had no knowledge when the credit was given.

The doctrine of the New York courts we think inapplicable to our statute, and the opinion of the Circuit Court on the question of notice was, we think, erroneous.

The judgment will therefore be reversed, and the cause remanded.