## MERLE & CO. vs. HASCALL.

A count charging a factor "with *not selling for the best price*" is not sustained by evidence of a delay in selling, the price obtained being the *best* to be had at the time of sale. The delay in selling should be alleged as the ground of recovery.

### ERROR to Ralls Circuit Court.

McBride, J. *delivered the opinion of the Court.*

Hascall commenced his action in assumpsit by attachment against J. A. Merle & Co., in the Ralls Circuit Court to the June term, 1843. The declaration contains several counts. The first being the one upon which a recovery is sought, avers that the defendants " were trading and doing business as general factors, agents or commission merchants, in the sale of goods, wares, merchandize, &c., for a certain commission, percentage or reward, and thereupon, afterwards, on the 13th November, 1838, at New Orleans, that is to say, at the county of Ralls aforesaid, in consideration that the said plaintiff, at the special instance and request of the said defendants, had employed the said defendants as his factors or agents, to sell and dispose of 100 barrels of superfine flour, of great value,

to wit, of the value of $500 for a certain commission, reward or percentage thereon, to be therefor paid to the said defendants by the said plaintiff, they, the said defendants, undertook, and then and there faithfully promised the said plaintiff to sell and dispose of the 100 barrels of flour and said horses, at and for the best prices and advantageous terms for the said plaintiff that they, the said defendants, could get and procure for the same ; and although the said defendants afterwards, that is to say on the 25th day of November, 1838, at the county aforesaid, sold and disposed of the said flour and pair of horses, yet did not sell and dispose of the same at the best prices and upon the most advantageous terms for the said plaintiff that they, said defendants, could get and procure for the same according to the said promise and undertaking, but omitted and neglected to do so, and disposed and sold the said flour and pair of horses at much less than they might and could have got and procured for the same, that is to say, &c.

The defendants filed their plea of *non assumpsit*, and neither party requiring a jury, the issue was submitted to the Court, when the Court found for the plaintiff and assessed his damages to the sum of $297. Thereupon the defendants moved in arrest and for a new trial, assigning their reasons therefor, which being overruled they excepted and now bring the case here by writ of error, and seek the reversal of the judgment of the Circuit Court.

We are aware of the repeated decisions of this court showing a very decided disinclination to interrupt the verdict of a jury where tne whole case has been submitted to a jury, or the judge sitting as a jury, and no question of law has been presented to or passed upon by the court. A finding, under such circumstances, affords to this court no certain light to guide them in an attempted review of the action of the jury, as we are not advised whether the verdict was the result of a misconception of the evidence or a misapplication of the law to the evidence, or a misapprehension of the law governing the case. In either of the two former cases the law has wisely vested the power in the circuit judge to correct the error by granting to the party aggrieved a new trial.

The case now before us, we think, is clearly distinguishable from the cases refered to as having been decided by the court, as will be shown by an examination of the declaration and the evidence adduced upon the trial.

The sixth reason assigned in the defendant's motion for a new trial, is the only one which we propose now to examine, and is in the following words: " 6th. The evidence does not support the declaration. "

The evidence introduced upon the trial conduces to show that about the time of the arrival of the plaintiff's flour at New Orleans, flour was worth from twelve to sixteen dollars per barrel, owing to the scanty supply in market and the low stage of the water in the rivers; that about this time it commenced falling rapidly, at the rate perhaps of two dollars per day, owing to the rise in the rivers and the large quantity which was being daily received, until it went down to five or six dollars per bushel. The boat upon which this flour was transported reached New Orleans on the 15th November, 1838, and under the regulations of the city, it must be received within two days after its arrival by the consignee. On the 25th of the same month it was sold by the defendants at $8 per bushel, that being the current price at the time.

It was also in evidence that such fluctuations in price are not unusual in the New Orleans market; that the house of the defendants stood very high for integrity in their dealings and for business capacity; that many other houses kept flour on hand for a longer period, hoping and looking forward for an upward tendency in the price; that the New Orleans price current shows that on the 24th November, 1838, flour was quoted at $8 to $8 25 per barrel, and the latter sum could only be obtained for " bakers brands," and the flour of the plaintiff was not of that description.

This being the evidence, it is manifest that if the plaintiff has sustained any injury by the acts of the defendants, it arose from the neglect or omission of the defendants in not selling the flour at an earlier day. For the evidence is that at the time the sale took place the price obtained was the current price in the market, except for another description of flour which answered some particular purpose better than the flour in controversy. The verdict, therefore, could not have been found against the defendant for not selling for the best price when he did sell.

There is no question but that a factor is not only bound to act in good faith, but he must exercise reasonable diligence in the discharge of the trust confided to him. It is not sufficient that he has been guilty of no fraud, or of no such gross negligence as would carry with it the insignia of fraud, but is required to act with reasonable care and prudence in his employment, and to exercise his judgment after proper enquiries and precautions. Story on Agency, § 186.

A factor who unnecessarily delays selling an article consigned to him for sale is liable to an action for such delay, and equally liable as if he had sold at a less price than the current price in the market at the time of sale of each article. The declaration in such case should aver the delay

according to the facts as the ground of the action. But the declaration in this case avers that the defendants did not sell and dispose of the plaintiff's flour at the best prices and upon the most advantageous terms which they could get and procure for the same, but omitted and neglected so to do, and sold and disposed of the said flour at much less than they might and could have got and procured for the same.

The evidence not only does not sustain the averment in the declaration, but positively disproves it, and shows that the best price was obtained at the time the sale was made. A party will not be tolerated in alledging one state of facts, as the ground upon which he seeks a recovery, and proving other and different facts, and having his verdict and judgment. It is a violation of every principle of pleading, and may work the most serious injury to the defendant. It would not only operate as a surprise, but would tend to mislead the party by the statement of facts not intended to be relied upon on the trial, but wholly and entirely different. It would be like sueing a party for " work and labor," and proving " money had and received" for the use of the plaintiff.

The object of the declaration is to apprise the defendant of what he is called upon to answer, that he may prepare his pleadings and evidence necessary for his defence. It must alledge truly all circumstances necessary for the support of the action, and contain a full, regular and methodical statement of the injury which the plaintiff has sustained, and this with precision, certainty and clearness, not only that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal plea, but that the jury may be enabled to give a complete verdict upon the issue, and that the court, consistently with the rules of law, may give a certain and distinct judgment upon the premises. 1 Chitty Pl., 285–6.

Wherefore we are of opinion that the evidence did not sustain the first count in the declaration, and for that reason the finding for the plaintiff was wrong, and the Circuit Court should have set aside the finding and granted the defendants a new trial. The judgment of the Circuit Court ought therefore to be reversed; and Judge Napton concurring herein, the judgment is reversed, and the cause remanded to the Circuit Court for a new trial to be had therein.

NAPTON, J.

I regard this case as one of of those in which, there being no dispute about the facts, the verdict of the court, acting as a jury, was founded

on a misapprehension of the law, and should therefore be reversed. Boone County vs. Todd & others, 8 Mo. Rep. 431; Fulkerson vs. Bollinger, 9 Mo. R., 838.