FRANCIS HOWARD, Respondent, *v.* WILLIAM COSHOW, Appellant.

*Frauds.*—A promise to a debtor to pay his debt to a third person is not a promise to answer for the debt of another within the statute, which applies only to promises made to the creditor.

*Verdict—Evidence.*—Where there is no evidence to sustain a verdict it should be set aside.

*Trial—Evidence.*—Where evidence is offered upon a trial which may or may not be competent, depending upon the proof of other facts, such facts should be disclosed to the court, that it may judge of the sufficiency of the evidence. The facts themselves should be stated, and not the conclusions or results from the evidence offered.

*Appeal from St. Charles Circuit Court.*

*Lewis & Alexander*, for appellant.

The statements of Murdock were not admissible testimony against defendant without it being first shown *aliunde* that Murdock and defendant were combining and confederating together in the perpetration of a fraud. There is no distinction in principle between such admissions and those of an alleged partner. The partnership must first be proven, and this is never allowed to be done by the statements of the alleged partner himself. (Field & Beardslee v. Liverman, 17 Mo. 218 ; Reed v. Pelletier, 28 Mo. 173–177 ; Whitney v. Ferris, 10 Johns. 66 ; Buckman v. Barnum, 15 Conn. 68 ; Commonwealth v. Eberle, 3 Sergt. & Rawle, 9, 16, 19 ; Patton v. Freeman, Coxe, 113, 115 ; Reichart v. Castator, 5 Binney, 109, 113.)

II. Even if a proper foundation had been laid for the admission of Murdock's statements, the one which implied a doubt as to the legal sufficiency of the deed of trust would

have been inadmissible on any grounds whatsoever. (Crockett v. Morrison, 11 Mo. 3, 5; Polk's lessee v. Robertson, 1 Tenn. 463; Craig v. Baker, Hardin, 289; Leforce v. Robinson, Littell's Sel. Cases, 22; Boston Hat Co. v. Messenger, 2 Pick. 223; O'Neal v. Glover, 5 Gray, 161.)

III. The court erred in excluding the evidence offered by defendant to show that the Fisher judgment was satisfied by Murdock from his own resources. The plaintiff was taking out of the multiplicity of minor circumstances to elicit unfavorable presumptions as to the *bona fides* of the transaction; one of which was that from the large additional indebtedness assumed by Murdock at the execution of the deed of trust, the money to pay it was secretly furnished by the defendant.

*Broadhead, Leet & Krekel, John M. Krum,* and *Hindman,* for respondent.

I. When two issues are tried before a jury and a general verdict rendered the court cannot reverse for error committed by the court in relation to one issue, when the verdict may be sustained upon the other issue to which appellant took no exception.

Whether the verdict of the jury was rendered upon the ground that the defendant had made a fraudulent conveyance of his property, or that he had absconded or absented himself from his usual place of abode, does not appear and cannot possibly be ascertained; either would be sufficient to sustain a verdict, and evidence was given upon both.

The defendant had the power to withdraw the issue of absconding, &c., from the jury if there was no evidence at all upon that subject, by requiring such an instruction from the court, by having the opinion of the jury separate upon each issue, or by requiring a special verdict, (*i. e.* a finding of the facts by the jury.) Having neglected to avail himself of this right, he cannot now be heard to question the finding of the jury.

II. The admissions of Murdock, the beneficiary in the conveyance charged to be fraudulent, and proven to have been

made about the time of the execution of the conveyance, to the effect that Coshow was not indebted to him, were entirely competent against the grantor, because,

1. They were admissions made against the interest of the party making them.

2. The issue before the jury was as to the right of the party making the admission at the time, viz., whether Coshow was indebted to Murdock at the time he conveyed the property to him. (1 Greenl. Ev. 181.)

3. The party whose admission was charged with being *particeps fraudis*, and evidence had already been adduced to show, viz:

*a.* That Coshow had made a fraudulent deed by circumstances tending to show the following facts: That Coshow was in good circumstances; that he was not indebted to Murdock; that he suspiciously left the county of his residence; that Murdock, who was his nephew, met him outside of the county by appointment; that the object of leaving his residence was "to serve the Howells as Bigelow did;" that is, to hinder and delay them in collecting their debts—the last admission of the defendant himself sufficient of itself to stamp the conduct of Coshow as fraudulent without a single other fact.

*b.* That Murdock was the beneficiary in the conveyance.

Under these circumstances the declaration of the beneficiary was entirely competent. (Crockett v. Morrison, 11 Mo. 3.)

The defendant introduced evidence tending to prove that Murdock did pay the Fisher debt, and the source from which he obtained the money was entirely irrelevant; presumption being that it was his own money, (and not Coshow's,) the defendant could not suffer by that presumption.

III. The giving of the sixth instruction cannot be relied on by Coshow as error.

*a.* His conveyance recites the consideration to be a debt, evidenced by a note for $15,000, payable by him to Murdock. He cannot be allowed on the trial to substitute an entirely

different consideration, and prove that the consideration was not a debt but a collateral security to protect Murdock in the event that Murdock would thereafter pay Coshow's debts. The deed recites a debt; if, therefore, no debt existed and none created, the deed was without consideration, unless the court permit Coshow to contradict his own deed—to alter the terms of his own deed by parol evidence—to substitute one consideration for another.

*b.* But if Murdock did promise to pay Coshow's debts in consideration of the conveyance, the promise was verbal and within the statute of frauds, and was, therefore, no valid consideration.

Murdock, in that case, would have the property without liability to Coshow's creditors, for he made no promise to them; and without liability to Croshow, because that promise was by parol. That would make it fraudulent in law.

*c.* And lastly, what consideration did Murdock receive from Coshow for his undertaking to pay Coshow's debts? He obtained Coshow's note for $15,000, wherewith to pay Coshow's debts, but without assuming any liability which the creditors could enforce.

Coshow's property was gone, to which the creditors had a right to look. Murdock had assumed no liability to the creditors, and still held the property without himself paying any value for it.

In this aspect the conveyance of Coshow to Murdock was voluntary, and made to the grantor's own use, viz., to pay his debts.

In any way in which the conveyance may be viewed, it is fraudulent in law and in fact. (Pottle v. McDowell, 31 Mo. 62.)

DRYDEN, Judge, delivered the opinion of the court.

Howell sued Coshow on a note in the St. Charles Circuit Court, and served the summons by copy at his usual place of abode, left with a white member of his family over the age

of fifteen years.    Afterwards an attachment in aid was issued based upon two grounds :

1. " That the defendant had absconded or absented himself from his usual place of abode in this State, so that the ordinary process of law could not be served on him."

2. " That the defendant had fraudulently conveyed or assigned his property or effects, so as to hinder or delay his creditors in collecting their demands against him."

The truth of both allegations was put in issue by plea in abatement, and the issues were tried by a jury, resulting in a verdict for the plaintiff on both, and the court refusing to set it aside the case is brought here by appeal.

The trial of the second issue involved the *bona fides* of a deed read by the plaintiff, bearing date 20th May, 1858, two days before the attachment issued, by which Coshow, the grantor, conveyed certain lands and slaves in St. Charles county to Bell and Matson in trust for the payment of a note of the defendant of fifteen thousand dollars, payable thirteen months after date, to one George Murdock, a nephew of Coshow, and sole beneficiary in the deed.    The plaintiff gave evidence tending to show that the defendant, at the time of making the deed, was largely in debt, some of which was in suit, and among other existing debts was one of six thousand dollars to one Fisher, reduced to a judgment in the St. Charles Circuit Court, and execution thereon in the hands of the sheriff.    The evidence further tended to prove that the consideration of the note to Murdock for fifteen thousand dollars was the previous payment of the aggregate sum of about nine thousand dollars by Murdock in discharge of divers debts of Coshow for which Murdock had been bound as Coshow's security, and Murdock's verbal agreement with Coshow thereafter to pay for him the Fisher judgment and execution, amounting to six thousand dollars.

The plaintiff likewise gave evidence tending to prove that about the time the attachment issued, and before, the defendant was absenting himself from home and keeping out of the way of the sheriff to avoid a personal service of process on

him. The evidence, however, wholly failed to show that there was any time when process could not have been served on him by copy at his usual place of abode, but on the contrary it showed affirmatively that there was no time when service could not have been made in that manner. At the close of the evidence the court gave to the jury a number of instructions, one only of which will we notice—the fifth, given for the plaintiff and objected to by defendant, in these words:

"If the jury find from the evidence that the defendant did not owe to George Murdock the amount of the note for fifteen thousand dollars at the time said note and the deed of trust given to secure its payment were made, then the said deed is fraudulent, and the jury should find for the plaintiff; unless the jury shall believe from the evidence that said Murdock at the time said note and deed of trust were made had actually paid in advance money that he had actually assumed to pay for the defendant equal to the amount of said note."

The instruction is awkwardly framed, but it was intended to inform the jury that the law was, if any part of the consideration of the note of fifteen thousand dollars was the agreement of Murdock to pay Coshow's debt of six thousand dollars to Fisher, but which he had not actually paid at the time of making the note and deed of trust; in that case the deed was fraudulent and void, and the plaintiff entitled to a verdict on the second issue.

The argument by which the instruction is sought to be sustained is, that, as the promise of Murdock to pay Coshow's debt was the consideration of Coshow's note, and as the promise, not being in writing, was void by the statute of frauds, the note was without consideration to support it; and so the deed, being based upon the note, was a voluntary conveyance, and void as against the creditors of the grantor.

The vice of the argument is in the assumption that the verbal agreement of Murdock to pay Coshow's debts is affected by the statute of frauds. It is well settled that a promise to a *debtor* (as in this case) to pay his debt to a third person is not a promise to answer for the debt of another within the

statute; that the statute applies only to promises made to the *creditor*. (Eastwood v. Kenyon, 11 Ad. & El. 445; Alger v. Scoville, 1 Gray, 391; Pike v. Brown, 7 Cush. 133; Leonard v. Vrendenburg, 8 John. 39; Skelton v. Brewster, 8 John. 376; Story on Contracts, § 861.)

The instruction was, therefore, erroneous, and necessarily compelled the jury to find the second issue for the plaintiff, without any regard to whether they believed there was fraud in fact in the transaction.

As to the first issue, there was not only no evidence tending to support it, but all the evidence disproved it. In such case the verdict will not be allowed to stand. (Merle v. Hascall, 10 Mo. 406.)

On the trial the plaintiff, in order to show that the trust debt of Murdock was fictitious, offered to prove that in a conversation held between the witness and Murdock a day or two before making the deed of trust, in the absence of the defendant, Murdock stated " the only money Coshow owed him was three hundred dollars for Mrs. Murdock's debt." The defendant objected to the competency of the evidence, and to obviate the objection the plaintiff stated to the court " that he expected to show by the statements of Murdock, *and other testimony in the cause*, (not specifying what particular facts were to be proved, except that Murdock had said that the deed was given without a legal consideration,) that the deed of trust was fraudulently made for the purpose of hindering and delaying the creditors of Coshow, and that Murdock was a party to the fraud." Thereupon the court admitted the evidence against the renewed objection of the defendant.

The question is a question of practice rather than of evidence. It cannot be affirmed that the statements of Murdock are evidence against Coshow, in the absence of proof tending to establish a conspiracy between them to defraud the creditors of Coshow; nor is it denied by the defendant's counsel that the statements are competent if such a state of case be established. The question is, where the declarations of the supposed conspirator are offered, in anticipation of proof

tending to establish the conspiracy, whether it is enough for party offering the declarations to state to the court generally the conclusion or result of the proof to be offered, as in this case, or whether he ought to disclose the particular facts or circumstances which he expects to prove, to establish the result.

We think the safer and better practice would require the facts to be proved first to be disclosed, so as to enable the court to judge of their sufficiency if proved; and if insufficient, to relieve the case from any improper influence of the impertinent matter. If the opposite practice, however, was adopted, this court would not for that cause interfere with the judgment of the lower court, except where manifest injury had resulted therefrom to the adverse party.

Another error complained of is the refusal of the court to permit the defendant to show what sources Murdock derived the money from with which he paid the Fisher debt. The propriety or impropriety of the rejection of this evidence depends so entirely upon what transpired on the trial, but which does not appear upon the record, that we cannot say whether the action of the court was right or wrong. If any question was made as to the ability of Murdock to raise so large a sum of money, or as to whether the money employed in payment of the Fisher debt was not in fact the money of Coshow, the evidence ought to have been received, otherwise we see no reason for its introduction.

For the want of evidence to sustain the finding as to the first issue, and for the misdirection of the jury as to the second, the judgment of the Circuit Court is reversed and the cause remanded.