## LESLIE v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Practice** : VARIANCE : FAILURE OF PROOF. The rule that a plaintiff cannot declare upon one cause of action and recover upon a different one prevails under the code, but Revised Statutes, sections 3565 and 3702, recognize a plain distinction between a variance and a total failure of proof.

2. **Variance.** In this case there was no substantial variance between the negligence charged in the petition and the evidence.

3. **Carrier of Passenger.** The undertaking of a common carrier of passengers is to carry the latter without fault or negligence, but the carrier is not an insurer against accidents.

4. **Negligence** : ALIGHTING FROM CAR. For one, voluntarily and not

to avoid some threatened danger, to jump from a train of steam cars while in rapid motion, is negligence, but to step from a car, while in motion, to a station platform, may or may not be negligence.

5. **Question of Fact.** Whether the latter is or is not negligence is a question of fact for the jurors to determine from the attending circumstances, and in such case the better practice is to submit the question, by leaving it to the jurors to determine whether a prudent person, in a like situation and under similar circumstances, would have made the step or leap.

*Appeal from Chariton Circuit Court.*—A. H. WAL-LER, ESQ., Special Judge.

AFFIRMED.

*Wells H. Blodgett, G. B. Burnett* and *G. S. Grover* for appellant.

(1) The proof failed to sustain the material aver ments of the petition. *Merle v. Hascall*, 10 Mo. 406; *Burk v. Ferrard*, 19 Mo. 301; *Jones v. Londerman*, 39 Mo. 287; *Harper v. Ry.*, 44 Mo. 488; *Cape Girardeau, etc., v. Kimmel*, 58 Mo. 83; *Buffington v. Ry.*, 64 Mo. 246; *Waldhier v. Ry.*, 71 Mo. 514; *Edens v. Ry.*, 72 Mo. 212; *Price v. Ry.*, 72 Mo. 414. (2) The second instruction given for plaintiff was erroneous; (*a*) it incorrectly stated the law applicable to carriers of passengers; (*b*) it directed the attention of the jury to a fact not in evidence; (*c*) it authorized a recovery upon a cause of action not stated in the petition. (3) The court refused legal and proper instructions asked by defendant.

*John Montgomery, Jr.*, and *U. S. Hall* for respondent.

(1) The facts proven on the trial fully support the averments of the petition. (2) The instructions given announce correctly the law governing the whole case.

BLACK, J.—Plaintiff was a passenger on one of de-
fendant's trains from a point in Iowa to Brunswick.   He
sues because of injuries received while getting off at the
latter place.   The questions presented arise from the re-
fusal of the court to sustain a demurrer to the evidence,
and in giving instructions.   Involved in these rulings, it
is contended the plaintiff declared upon one cause of ac-
tion and was permitted to recover upon another.   Plain-
tiff had been at Brunswick certainly twice before the
time in question.   He testified that the trains stopped
three or four times after reaching the city limits; some
one said there was a freight train on the track; he did
not get up as other passengers did.   He says the train
pulled up to the platform at the depot, stopped, and
was standing still, when he was on the steps of the car
with his baggage; as he was in the act of getting off, the
train suddenly jerked, and he fell between the car and
the platform and was injured; that the platform was a
long one and well lighted; that the conductor got off
just in advance of him and was on the platform; that
the station had been previously announced, and that
hacks and hotel runners were standing around.   The
conductor says in passing the west end of the platform
the train was running very slow and he got off; that it
stopped and started up again, and as it was starting he
saw the plaintiff falling; he ordered the brakeman to
pull the bell; he grabbed the plaintiff, when the train
stopped again.   The passengers were then unloaded,
when the train pulled up about one hundred feet further
to the usual stopping place, where the baggage was un-
loaded, and then the train was switched for the night.
It went no further.   He says the first stop at the plat-
form was on account of getting too close to a freight
train, and his train started up when that one was out of
the way.   There was other evidence tending to show
that the brakeman told the passengers not to get out.

Other evidence tended to show that plaintiff attempted to get off while the train was in motion, though plaintiff's evidence, and that of the conductor is not materially different. The engineer and plaintiff had a conversation after the accident. Plaintiff says his statement then made was: "When the train slowed I thought it was going to stop and I jumped off, or went to get off and fell. I think I could have saved myself if I had not been so heavily loaded, even though the train jerked as I went to get off the car. As to saying it was my fault, I never uttered such a word or said such a thing. * * * I said it started as I went to step off, or get off, I don't recollect the word. I did not jump off; it started as I went to get off."

The first instruction given at the request of the plaintiff is as follows:

"1. The court instructs the jury that the plaintiff had a right, after the name of the station was announced, to infer that the first stop of the train at the platform was at the station, and when the train came to a full stop, if the jury believe it did come to a full stop, opposite the platform of the station, and the conductor had stepped off his train with his lantern immediately preceding said stopping, if any, the plaintiff was warranted in believing the proper time had arrived for him to leave the train, unless the jury believe he was warned or directed not to alight then; and if the jury believe from the evidence that said train came to a full stop opposite the platform of this station, and the plaintiff, in the exercise of such care as a prudent person would have used, undertook to leave the train, and through the sudden starting of the same was jerked or thrown therefrom, or fell upon the platform, and between it and the cars, and was injured as charged in the petition, your finding and verdict must be for the plaintiff."

1. The substance of the petition is, as to the first averment, that defendant's servants did not stop the train a

sufficient length of time to allow plaintiff to get off on the platform provided for the use of passengers. The contention is that this allegation charges the negligence to have been in failing to stop the train a sufficient length of time to enable plaintiff to get off, when the bulk of the evidence shows that the train did stop at the platform a sufficient length of time. In other words the negligence, if any there was, was not in failing to stop a sufficient length of time, but in stopping and starting at a place opposite the platform, other than the usual stopping place. Looking at this single allegation in the petition on the one hand, and the evidence as a whole, and the instructions before noted on the other, there is some ground for the claim made. But the petition makes no reference to the usual stopping place. It also alleges: "On the contrary when the train reached the depot and plaintiff was on the edge of the steps and before he had time to leave them, the said servants negligently, suddenly, and unexpectedly, moved and jerked the train forward," etc. Taking the petition, all in all, there is no substantial variance between it and the proofs, much less a failure of proof. The rule that a plaintiff cannot declare upon one cause of action and recover upon another is everywhere conceded: 10 Mo. 406; 19 Mo. 30; 24 Mo. 598; 69 Mo. 626. The rule in this respect has not been changed by the practice act. 39 Mo. 287. But sections 3702 and 3565, Revised Statutes, recognize a plain distinction between a variance and failure of proof. When the train arrived at the depot and stopped, opposite the platform, the plaintiff, as a reasonable man, could come to no other conclusion than that it was the place to get out. As to him, it was the proper stopping place, unless informed to the contrary, and if he was so warned, then, under the instructions, he could not recover. The petition gave the defendant full information of the grounds upon which plaintiff sought a recovery, and that is the reason of the rule before noted.

2.   The second instruction for plaintiff asserts the proposition that defendant was bound to exercise the highest degree of care in carrying plaintiff from the place where he entered the train to, and deposit him safely at the place of destination ; and that plaintiff had a right to rely upon the direction and actions of the servants in charge as to when they arrived at the station. The duty of a carrier towards a passenger has been variously stated in the abstract.   It is certainly a duty of the highest order.   The undertaking is to carry the passenger without fault or negligence.   "It has been accordingly held that passenger carriers bind themselves to carry safely those whom they take into their custody as far as human care and foresight will go, that is for the utmost care and diligence of every cautious person ; and of course they are responsible for any, even the slightest neglect."   This statement of the rule in Story on Bailments, section 601, has met with the approval of this court.   *Lemon v. Chanselor*, 68 Mo. 340 ; *Gilson v. Ry. Co.*, 76 Mo. 282–7.   But as to passengers, a carrier is not an insurer against accidents.   As a general statement of the liability, the instruction is not objectionable.   The instruction proceeds to state hypothetically the facts upon which the plaintiff may recover.   These facts sufficiently qualify the general proposition.   There was certainly evidence that the station had been called. That was a direction to the passengers to prepare to get out.   The train was stopped by the servants at the depot. Upon what else could a passenger act ?   It is not shown to be the custom to give any further or additional notice. There was, we think, evidence upon which to base the instruction.

3.   For the defendant, the court told the jury that if "plaintiff was guilty of negligence in stepping from the train in question while the same was in motion, and that his stepping from said train was the proximate cause of the injury complained of, then the law is that

the plaintiff cannot recover, and the jury must find for the defendant."

"8. If the jury believe from the evidence that while the train in question was moving up to its usual stopping place, the plaintiff, while the train was in motion, voluntarily, and contrary to the advice or instruction of the brakeman of said train, stepped from said train, and was injured in consequence thereof, then the law is that the plaintiff cannot recover, and the jury must find for the defendant."

Several instructions asked by the defendant were modified by the court. The second, as asked, told the jury that if plaintiff voluntarily leaped from the train while in motion, then he could not recover. This the court modified so as to make it read voluntarily and "negligently," etc. For one to jump from a train of steam cars while in rapid motion, voluntarily, and not to avoid some threatened danger, is negligence, but to step from a car while in motion to a station platform, may or may not be negligence. Whether it is or not is a question of fact for the jurors to determine from all the circumstances. *Doss v. Railroad Co.*, 59 Mo. 27; *Kelly v. Railroad Co.*, 70 Mo. 607. It would be better, in such cases, to submit the question by leaving it to the jurors to determine whether a prudent person in a like situation, and under like circumstances, would have made the step or leap. But here the court in the preceding instruction, given on the same subject, left it to the jurors to determine whether "such getting off the train was, under all the facts and circumstances of the case, negligent;" and in the plaintiff's first instruction it is made a condition of recovery that he was in the exercise of such care as a prudent person would have used, when he undertook to leave the train. Taking the instructions as a whole, they are fair enough. The essential elements of defendant's fourteenth instruction were embraced in the fourth given.

The judgment is affirmed. Henry, C. J., and Sherwood, J., dissent. The other judges concur.

HENRY, C. J., DISSENTING.—I have not the time to do more than to very briefly state the grounds of my dissent from the majority opinion. The cause of action stated in the petition is the failure of the defendant to stop its train long enough for him to get off at Brunswick ; and that, in attempting to leave the car, he was injured. The cause of action proved, if any, was not that it did not stop a sufficient length of time at its usual stopping place, to enable plaintiff to get off, but that by the negligence and carelessness of defendant's servants, he was induced to believe that they had, when in fact they had not, reached the place at which they stopped to let passengers leave the cars. I deem it unnecessary to cite authorities in support of so elementary a proposition as that the plaintiff must recover, if at all, upon the cause of action alleged, and not upon one which he might have stated, but did not.