## SMITH & Co. v. ZURCHER, use, &c.

1. A mortgage of personal property, for the purpose of securing a debt, is
embraced by the act of 1828, "More effectually to prevent frauds, and
fraudulent conveyances, and for other purposes," and will be operative
against "creditors and subsequent purchasers," who have notice of its ex-
istence, although it was not registered within the time prescribed.

2. Where one purchases while a person other than the vendor is in posses-
sion, under a claim of title, or as an incumbrancer, this is sufficient to put
the vendee upon inquiry, and in legal effect will be equivalent to notice of
an incumbrance.

Writ of Error to the County Court of Mobile.

This was a proceeding commenced before a justice of the
peace, to try the right to a female slave, named Penelope,
which had been levied on as the property of Duncan Wilkin-
son, to satisfy an execution at the suit of the defendants in
error, against D. Wilkinson & Co., and to whom the plaintiffs
in error asserted a claim pursuant to the statute. A verdict
and judgment were rendered before the justice in favor of
the claimant, and the cause thence removed to the County
Court by appeal, where the slave was adjudged liable to the
execution, and a judgment rendered against the claimant for
costs. On the trial, the claimants excepted to the ruling of
the court. From the bill of exceptions it appears, that the
claimants offered in evidence a mortgage under seal, bearing
date the 17th June, 1843, executed by the defendants in ex-
ecution to the claimants, upon the slave in question; and
proposed to prove, that the same was given in consideration
of two hundred and thirty dollars and upwards, advanced at
that time by the claimants to the defendant; and the slave
was then delivered to the mortgagees. The plaintiffs exe-
cution was levied on the 11th April, 1844.

It was ruled by the court, that the mortgage was inadmis-
sible, because it was not recorded; whereupon the claimants
excepted, &c.

E. S. DARGAN, for the plaintiff in error. The mortgage, though not recorded, was good against the plaintiff, if he had notice before his execution was issued. [4 Hals. R. 193; 1 Pick. R. 164; 1 Metc. R. 214.] The mortgaged property was delivered to the mortgagee; this is a fact, the legal effect of which was equivalent to express notice.

BLOCKER, for defendant in error.

COLLIER, C. J.—It is enacted, by the 1st section of the act of 1828, "More effectually to prevent frauds and fraudulent conveyances, and for other purposes," (Clay's Dig. 255, § 5,) that "all deeds and conveyances of personal property, in trust, to secure any debt or debts, shall be recorded in the office of the clerk of the County Court, wherein the person making such deed or conveyance shall reside, within thirty days, or else the same shall be void against creditors and subsequent purchasers, without notice; and if any such conveyance shall be made of real estate, the same shall be recorded in the office of the clerk of the county wherein the estate may be situate, within sixty days, or the same shall be void against creditors and subsequent purchasers, without notice." In Cummings & Cooper v. McCullough's adm'r, 5 Ala. R. 324, it was held, that a deed by which property was assigned to a third person, in trust for the payment of debts generally, was not only within the mischief, but within the letter of this enactment—being *a conveyance to secure debts.* Where, instead of formally interposing a trustee between the grantor and the beneficiaries, a conveyance is made by the debtor to his creditor, directly, for the purpose of securing the payment of a debt, it is within the act, just as much as if it was, in technical language, a deed of trust: for if this be not so, then we have no statute which makes the registration of a mortgage necessary, as against creditors. [Magee v. Carpenter, 4 Ala. Rep. 469.]

If the act in question be considered a statute of frauds, instead of an act to provide for the registration of deeds and conveyances, (Cummings & Cooper v. McCullough's adm'r. *supra,*) a notice of its existence, if not recorded, would be unavailing to secure to the mortgagee the benefit of his secu-

27

rity against creditors, and purchasers, if the statute itself did not declare that the deed, for the omission to record it within the time prescribed, should only make it void as to persons coming within these classes, *who had not had notice.* [See Myers v. Peeks, Adm'r, 2 Ala. Rep. 648, 659.] In Tuttle v. Jackson, 6 Wend. Rep. 226, it was said, "If the subsequent purchaser knows of the unregistered conveyance at the time of his purchase, he cannot protect himself against that conveyance; and whatever is sufficient to make it his duty to inquire, as to the rights of others, is considered legal notice to him of those rights." See also, Jackson v. Post, 15 Wend. Rep. 588; 1 Atk. R. 490; Harris, et al. v. Carter's Adm'r, 3 Stew. R. 233. In the last case cited, the court say, "When one purchases real estate under circumstances which should put him upon inquiry as to the title of him, whose interest he purchases, he stands in the same situation as if he had actual notice of any incumbrance upon it, or of any transfer of right." And if a person other than the vendor is in possession, this should put the purchaser upon inquiry, and in legal effect, it will be equivalent to notice of an incumbrance.

In the case at bar, it appears that the mortgaged property was delivered to the mortgagee at the time the mortgage was executed, and the reasonable inference is, that the plaintiff retained the possession of the slave, when the *fi. fa.* of the plaintiff in execution was levied on her, consequently there was a state of things, which the law regards as notice in fact to the creditor, and which we have seen, is a substitute for registration. See further, Garwood v. Garwood, 4 Hals. Rep. 193.

It follows from what has been said, that the ruling of the County Court was not consonant to law; its judgment is therefore reversed, and the cause remanded.