JAMES R. MASSEY ET AL., APPELLANTS, VS. S. B. HUBBARD ET ALS., APPELLEES.

1. At a sale on execution the purchaser takes only the interest of the defendant in execution.

2. When a purchaser of land receives a deed and enters into possession, and continues in the actual occupancy, but does not record his deed, such notorious occupancy constitutes sufficient constructive notice to "subsequent purchasers or creditors" to protect the holder of the deed against the creditors of the grantor.

Appeal from the Circuit Court for Alachua county.
P. H. Young was the Referee who heard the case.
The other facts of the case are stated in the opinion.

*Thrasher & Hampton* for Appellants.

*Thomas F. King* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

In January, 1880, Middleton was the owner of a lot in
Waldo, Alachua county, his title deed being upon record.
On the 22d January Middleton sold and conveyed the lot
to W. T. Craig by deed duly executed, but the deed was
not recorded until the 24th June, 1880. On the 3d of May,
1880, appellees recovered judgments against Middleton in
the Circuit Court for Alachua county, upon which judg-
ments executions were issued and levied upon the lot as
the property of Middleton, and on the 5th July it was sold
by the sheriff and deed executed to the plaintiffs in execu-
tion. At the time of the purchase by Craig from Middle-
ton in January he took actual possession, and has had actual
possession and occupied the property until this suit was
brought in ejectment by the purchasers at the sheriff's sale.

The cause was tried before a referee upon the foregoing
agreed state of facts, and judgment was rendered in favor
of plaintiffs against appellants.

The ruling of the referee that the lien of the judgment
attached to the property as against the prior unrecorded
deed, and the denial of a motion for a new trial, are as-
signed for error.

The statute says that every judgment shall create a lien
and be binding upon the real estate of the defendant. Act
February 12, 1824.

It was held in Holland vs. The State, 15 Fla., 455, 519,
that a purchaser at an execution sale takes only the right,

44

title and interest which the debtor·had, subject to equities existing when the judgment was recovered. "Caveat emptor is the rule. He takes only the interest of the defendant." This is also the rule in Daniel vs. Hollingshead, 16 Ga., 190. In Osterman vs. Baldwin, 6 Wall., 122, the court say : ",A purchaser at a sheriff's sale buys precisely the interest which the debtor had in the property sold, and takes subject to all outstanding equities."

; There is no pretence here that the sale of Middleton to Craig and the execution of the deed were fraudulent, and it appears that Craig went into immediate actual possession under his deed long before the recovery of the judgment, and still is in possession. When the judgment was recovered, Middleton had no title or interest in the lot.

Counsel for defendant in error refer to section 4, act of November 15, 1828, (McClellan's Digest, 215,) as follows : " No conveyance, transfer or mortgage of real property, or of any interest therein, shall be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same shall be recorded," &c.

There has been a vast amount of judicial discussion in the various States upon the question arising under the statutes whether creditors and subsequent purchasers stand upon similar ground as respects grantees and mortgagees whose deeds have not been recorded. In Tennessee, (Mart. & Yerger, 385,) Georgia, (25 Ga., 687 ; 13 Ga., 443,) Virginia, (4 Rand., 208,) North Carolina, (1 Dev. Eq., 470,) and in some other States it has been held that a creditor who obtains a lien·by judgment or by attachment is not affected by notice, actual or constructive, received before or after the lien attached, of a prior unrecorded deed or mortgage. The whole question depends upon the terms of the statutes of the several States. In Tennessee, for instance, by an act of 1819

it was provided that deeds should take effect and operate only from the time of registration, and it was held that no evidence of notice *dehors* the statute could be received, because the notice prescribed is the registration; and the Legislature having made no exception, the court could make none. (Mart. & Yerg., 392.) In Georgia, by act of 1827, all deeds of mortgage upon real property shall be recorded in the clerk's office within three months from their date, and upon failure to record any mortgage within the time required, all judgments obtained before the foreclosure of the mortgage, and also any mortgage executed after the same, and duly recorded, shall take lien on the mortgaged property in preference to the first mortgage. In Virginia (as we find by reading the case in 4th Randolph, 211,) the words "for a valuable consideration and without notice" are referable, by the plain terms of the statute in force in 1826, to subsequent purchasers only, and had no effect upon the liens of creditors, who are therefore not postponed to a prior unrecorded deed or mortgage, even though they had notice thereof. The court says that by the terms of the statute all deeds of trust and mortgages unrecorded shall be void as to creditors, absolutely and without qualification. In Alabama the statute is like that of this State in respect to the recording of mortgages and deeds of trust to secure debts. "If any such conveyance be made of real estate the same shall be recorded * * within sixty days, or the same shall be void against creditors or subsequent purchasers without notice." (Clay's Dig., 256, §5.) The only difference is that the words "for a valuable consideration" are not inserted in the Alabama statute after the word "purchasers." The court in that State, in considering this statute, in Smith vs. Zurcher, 9 Ala., 208, where the property in controversy was a slave, (the statute using the same words as respects mortgages of real and personal property)

said : ." If the act in question be considered a statute of frauds instead of an act to provide for the registration of deeds and conveyances, a notice of its existence, if not recorded, would be unavailing to secure to the mortgagee the benefit of his security against creditors and purchasers, if the statute itself did not declare that the deed, for the omission to record it within the time prescribed, should only make it void as to persons coming within these classes who had not had notice." In that case the property was delivered to the mortgagee at the time the mortgage was executed, and the court say: " The plaintiff retained possession of the slave when the *fi. fa.* was levied on her, consequently there was a state of things which the law regards as notice in fact to the creditor, and which, we have seen, is a substitute for registration." See also Daniel vs. Sorrells, 9 Ala., 436.

The statute of New Jersey enacts that " every deed or conveyance of or for any lands, to any purchaser of the same, shall be void and of no effect against a subsequent judgment creditor or a *bona fide* purchaser or mortgagee for a valuable consideration, not having notice thereof, unless such deed or conveyance shall be acknowledged or proved and recorded within fifteen days." (Stat. of N. J., 1847, 643, §18.) In the construction of this statute it was held that the want of notice is as essential to the protection of a judgment creditor as of a purchaser or mortgagee, and such, it may be fairly presumed, was the intention of the Legislature ; otherwise persons with a full knowledge of an honest transfer of real estate might trust the grantor, and then, obtaining judgment, defeat the *bona fide* purchaser, who, from ignorance or negligence, had omitted to have his conveyance recorded. (Garwood vs. Garwood, 4 Halst., 193.) The statute of New Jersey, it will be observed, is substantially like our own.

In Missouri it was formerly held that a judgment lien prevailed over a former unrecorded mortgage or other conveyance; (8 Mo., 479; 9 Mo., 722; 11 Mo., 77;) but in those cases no notice appears to have been given to the creditor or the purchaser under execution until after the lien attached. Later, however, it was held that the mortgage lien would prevail without regard to notice, if the mortgage was recorded befort sale on execution. 14 Mo., 170; 20 Mo., 133 ; 44 Mo., 205 ; 49 Mo., 244.

It is held in Massachusetts, under the recording act, that a creditor knowing of a conveyance of land made by his debtor for a valuable consideration, which is not registered, cannot, by an attachment and levy upon the land, obtain a title against the grantee. The case of a second purchaser and of an attaching creditor are considered the same with respect to the effect of notice. (4 Mass., 641; 6 Mass., 487; 10 Mass., 60.) In Priest vs. Rice, 1 Pick., 164, Parker, C. J., says that " the reason is the same in both cases, for if a creditor, whose debt is due, will stand by and suffer his debtor to sell his land and receive the value of it from one who knows not of his claim or of his intention to bring an action upon it, and will afterwards attach the same land, there is a constructive fraud upon the purchaser which ought not to prejudice his title. The execution and delivery of the deed completes the transfer from the grantor to the grantee ; the registry is to give notice that others may not be prejudiced. Actual notice proved is, to the person affected by it, as useful and ought to be attended with the same consequences as public notice in the registry ; an implied notice arising from possession under the deed is as effectual as actual notice." We refer, for a collection of the American authorities upon the whole subject, to leading cases in equity by White and Tudor, Am. Ed., 1877, Vol. 2, pt. 1, pp. 93, 99, notes to Bassett vs. Nosworthy; 16 Fla., 781.

In the light of the construction given by the courts in Alabama, New Jersey and other States, where their statutes are substantially like that of Florida, which is in accordance with our view of the clear intent of our statute, we must hold that creditors and subsequent purchasers stand upon the same footing in respect to notice of a prior conveyance not recorded.

As before remarked, there is no charge of fraud and no attempt to show that the conveyance was not in good faith. The case stands upon the effect of the statute alone.

Craig immediately went into actual possession after his purchase, and has remained in the occupancy of the premises. This is constructive notice of ownership or of an interest, and the recording of a deed is but constructive notice. Any like notice is sufficient to put creditors and purchasers on inquiry. 64 N. Y., 76 ; 3 Kern., 180 ; 2 Barb. Ch., 555 ; 2 Paige, 300 ; 2 Mass., 508 ; 4 N. H., 262 ; 6 Wend., 213 ; 54 N. Y., 640 ; 1 Pick., 164 ; 9 Ala., 208, 443.

The judgment is reversed and a new trial awarded.