ELDRIDGE, DUNHAM & CO., APPELLANTS, VS. R. B. POST, APPELLEE.

1. An assignment by a debtor to a creditor of his interest in lands of his father's estate in which he has a fee in remainder, the assignment not being recorded, is not valid in law or in equity as against the lien of a subsequent judgment against the debtor in favor of a third party who had no notice of the assignment.

2. A judgment against a tenant in common or co-partner is a lien upon the interest of the debtor in the land, and if upon a partition this interest is converted into money, the priority of the judgment lien is preserved as against the fund.

3. The lien of a creditor under a creditor's bill has no preference over the lien of prior judgments against lands which were subject to levy under execution. The priority of lien of a judgment creditor by the filing of a creditor's bill exists as a reward of diligence in the discovery of and subjecting assets of the debtor which were not within the reach of execution at law ; and is not allowed as against a prior judgment which was a lien at law upon property subjected and converted into money by a sale in partition proceedings.

4. When in partition of land a sale has been made and the property converted into money, a proper and usual mode of bringing forward the demands of creditors who have a right to satisfaction out of the funds is to intervene by petition,

Appeal from the Circuit Court for Leon county.

The 2d, 3d, 4th and 5th items of the last will and testament of Mr. David C. Wilson, Sr., were as follows:

Second. I will and direct that the present mercantile business of D. C. Wilson & Co. be continued during the natural life of my wife, Elizabeth Wilson, provided the same can be done with profit and satisfaction, under the supervision of my said executors and executrices, one-half of the net profits thereof to go to the credit of D. C. Wilson, Jr., and the other half to the credit of my estate.

[This business was discontinued some time before the death of Mrs. Wilson.—REP.]

Third. I do will and direct that all the rents, issues and profits arising from my real estate be devoted to the support of my family, consisting of my wife, my daughter, Mary Catherine, and my daughter, Florida A. F. Warden, and her three children, R. A. Gibson, Lizzie and D. L. Warden, and if the rents, issues and profits aforesaid, be not sufficient for that purpose, that so much of the net profits of the firm of D. C. Wilson & Co., belonging to my estate, as may be necessary to supply the deficiency, be used and applied for that purpose.

Fourth. I do will and direct that no division, under any circumstances, shall be made of my estate, either real or personal, until the *decease* of my wife, Elizabeth Wilson, but that the same be subject to and under the control of my said wife, under the advice and assistance of my executors and her co-executrix.

Fifth. It is my will and desire that on the death of my wife, my estate be equally divided, share and share alike, between my children, or in the event of the death of either of them previous to the decease of my wife, the portion of such deceased child or children shall go to his child or children, such child or children inheriting in place of its deceased parent.

*R. B. Hilton* for Appellants.

*George P. Raney* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court.

This is a controversy between creditors.

D. C. Wilson, Jr., on August 1, 1873, assigned by an indenture, not witnessed or recorded, to appellants, so much of the estate of his father, then deceased, as would amount.

to two thousand dollars, to secure their claim against him amounting to $1,816.85. The estate was principally real property, in which D. C. Wilson, Jr. had, under the will of his father, a vested remainder in fee, to vest in possession upon the death of his mother. His mother died in November, 1880. This assignment was not recorded.

Post & Hobby recovered a judgment against D. C. Wilson, Jr., in the Circuit Court in Leon county, where the land was situated, on the 5th of November, 1875, for $487.75 and costs.

Appellants recovered a judgment against said D. C. Wilson, Jr., in the same court on February 4, 1878, for $2,026.76 and costs.

The lands were sold under proceedings for partition among the heirs and the part of the proceeds in money going to D. C. W., Jr., were deposited in bank under the direction of the court.

Appellants, soon after the death of the mother of the judgment debtor, filed their bill to subject his interest in the estate to the payment of their claim by virtue of the assignment of August 1, 1873. Post, survivor of Post & Hobby, intervened by petition, after the partition sale, claiming priority by virtue of the lien of the judgment of Post & Hobby, which was recovered prior to the judgment of appellants. This judgment of Post & Hobby was a lien upon the vested interest of the judgment debtor upon its rendition, under the statute, and was therefore entitled to priority of payment out of the proceeds of the sale of the real estate. 1 Story's Eq. Jur., 523 ; Garvin vs. Garvin, 1 Rich., S. C., 62.

The indenture by which D. C. Wilson, Jr., assigned his interest in the property was not recorded so as to be a charge upon the real estate as against creditors or subsequent purchasers without notice. The statute says: "No

conveyance, transfer or mortgage of real property, or of any interest therein, shall be good or effectual *in law or in equity* against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same shall be recorded in the office assigned by law for that purpose." McClellan's Dig., 215, §6.

It appears that Post & Hobby had no notice of this lien of the appellants prior to the recovery of their judgment. The arbitrary provision of the statute forbids the courts of law or equity giving vitality to that assignment as against the creditor or a subsequent purchaser for value without notice of the lien. Massey vs. Hubbard, 18 Fla., 688, 694 ; Carr vs. Thomas, Id., 736, 750 ; Gintean vs. Wisely, 47 Ill., 433 ; McFadden vs. Worthington, 45 Ill., 362; Massey vs. Westcott, 40 Ill., 160 ; Martin vs. Dryden, 1 Gilman, 187 ; DeVendell vs. Hamilton, 27 Ala., 156.

The second proposition of appellants is that by reason of their diligence in filing their bill, the discovery and bringing into court the defendant's assets, they are entitled to priority over all other creditors to the full extent of their claim with all costs and expenses and a reasonable solicitor's fee for bringing the fund into court.

That is the rule as adopted by courts of equity upon bills filed by judgment creditors to discover and reach assets not subject to execution at law. The judgment creditor who first institutes a suit and serves his subpœna, or otherwise entitles himself to the law of *lis pendens*, obtains a lien upon the assets which his bill seeks to reach, and upon obtaining a decree he is entitled to the fruits of his diligence. But if property be subject to execution at law so that the plaintiff can levy his writ thereon, it is not, before it vests in the receiver, so bound by a bill that it cannot be levied on and sold under an execution issued by another creditor. Freeman on Executions, §434, and notes.

Here the property was subject to the execution of appellants and of Post & Hobby to the extent of the interest of the judgment debtor before the partition sale; and after the sale the proceeds were applicable to the payment of the judgments in the order of their priority, as we have before shown.   There was no discovery of property not liable to execution at law, in respect to the real estate from which this fund was in great part produced.

The lien of the judgment of Post & Hobby upon the real estate, having priority of the judgment of the appellants, it is entitled to preference of payment out of the proceeds of the sale, the fund not having been discovered by means or through the influence of the complainants' bill as a creditor's bill.

The creditors, Post & Hobby, intervened in the proceedings for a partition by petition.  "That this is the usual and proper mode of bringing forward the demands of such creditors having a right to come into equity for satisfaction out of the fund, is well settled."  Garvin vs. Garvin, 1 Rich., 60, citing Simons vs. Simons, Harper's S. C. Eq., 256.

The decree of the Circuit Court is affirmed.