# Riley *v.* The State.

*Indictment for Burglary.*

1. *Excusing talesman as juror; how objected to.*—In a criminal case, the action of the trial court in excusing a talesman on account of alleged sickness, without requiring him to be sworn, is not available on error, though excepted to, unless that particular ground of objection was stated at the time, when it might have been remedied.

2. *Putting witnesses under rule; recalling witness; what is revisable.* When the witnesses have been put under the rule, it is discretionary with the court to allow one of them to remain in the court-room during the examination of the others, and the exercise of this discretion is not revisable; and it is also a matter of discretion, to allow a witness, previously examined, to be recalled at any stage of the trial.

3. *Tracks; opinion of witness.*—On a prosecution for burglary, a witness who saw and examined tracks made near the back porch of the house, as if by some one running, can not be allowed to testify that "in his judgment it was the defendant's track," although he swears that he had often noticed the defendant's tracks, and that the tracks were about the same size as his, "but would not swear positively that the tracks were his—would not swear positively to anybody's track."

4. *Charge as to sufficiency of evidence.*—A charge asked in a criminal case, instructing the jury that they must find the defendant not guilty, "unless the evidence against him should be such as to exclude to a moral certainty every hypothesis but that of his guilt of the offense imputed to him," asserts a correct legal proposition, and its refusal is a reversible error.

5. *Argumentative charges* to the jury are properly refused.

| | |
|---|---|
| 88 | 193 |
| 96 | 439 |
| 97 | 27 |
| 97 | 40 |
| 88 | 193 |
| 105 | 128 |
| 88 | 193 |
| 112 | 26 |
| 88 | 193 |
| 118 | 84 |
| 118 | 655 |
| 88 | 193 |
| 122 | 52 |
| 88 | 193 |
| 137 | 47 |

[Riley v. The State.]

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case, Shepherd Riley, was indicted for burglary in breaking and entering the dwelling-house of Hugh Black, with the intent to commit a felony; was convicted, and sentenced to the penitentiary for the term of five years. On the trial, as the bill of exceptions states, when the regular jury was called, one of the jurors being challenged and excused, the sheriff summoned one Grant as a talesman, who, "as he came around into the box, said something to the sheriff in a low tone of voice, which was not heard by the defendant or his counsel, but which was a statement that he was too unwell to sit on the jury." The sheriff repeated the excuse to the court, and the court then asked Grant whether he was able to sit on the jury; and on his statement "that he was sick and unable to sit on the jury," the court excused him, but without requiring him to be sworn. The bill of exceptions states, that the remark or answer of the juror was made "in his usual audible tone of voice, standing equi-distant between the court and the defendant's counsel, and was distinctly heard by the court; and the inquiry of the court was made in his usual tone of voice. Neither the defendant nor his counsel heard what Grant said to the sheriff, or what the sheriff said to the court, nor asked to be informed what was said, nor requested to have said Grant sworn before giving his excuse, or being excused. The court excused said Grant, without requiring him to state his excuse under oath; to which action of the court the defendant objected and excepted."

It was proved on the trial, on the part of the prosecution, that the house of said Hugh Black was broken and entered one Saturday night in the Fall of 1888, by two persons, who were seen by some members of the family; and the evidence for the prosecution tended to prove that these two persons were the defendant and his brother, Paul. On motion of the defendant, the witnesses were put under the rule; but the court, against the objection and exception of the defendant, allowed T. M. Black, a son of said Hugh Black, deceased, to remain in the court-room during the examination of the others. The prosecution adduced evidence of confessions, or admissions, made by Paul Riley in the presence of his brother, the defendant; and said Paul having testified, on the part of the defense, that these confessions were extorted from him by said T. M. Black, by threats of violence, the court

allowed the prosecution to again introduce said Black in rebuttal, who denied that any threats of violence were used. The defendant objected and excepted to the action of the court in allowing said Black to be again examined, after he had heard the testimony of all the other witnesses.

"The evidence tended to show that one of the persons who entered the house jumped off the piazza, and ran off in a south-easterly direction; and there were tracks in that direction, which seemed to have been made by some person running. Robert Black testified, that he saw and examined the tracks; that they were the same size as the defendant's, and were flat; that the defendant made a flat track, and it was marked in that respect; that he could not use words whereby to explain the difference between the defendant's track and another about the same size; that he had often seen the defendant make tracks, and had noticed them; that he knew his tracks, and that the tracks were his. On cross-examination, the witness further said, that he would not swear positively that the tracks were defendant's—would not swear positively to any body's track. The solicitor afterwards asked said witness, 'In your opinion, whose track was it that went off from the house?' and answered, 'In my judgment, it was the track of the defendant.' The defendant objected to this question and answer each, and excepted to the overruling of his objections."

The defendant requested several charges in writing, and among them the following: "(3.) Unless the evidence against the prisoner should be such as to exclude to a moral certainty every hypothesis but that of his guilt of the offense imputed to him, they must find him not guilty." The court refused each of these charges, and the defendant duly excepted.

RICHARDSON & STEINER, for appellant, argued each of the exceptions reserved, and cited *Mose v. State*, 36 Ala. 211; *Coleman v. State*, 59 Ala. 53; 1 Brick. Digest, 873-77.

WM. L. MARTIN, Attorney-General, for the State

STONE, C. J.—The fact of excusing the juror Grant from serving on the jury, without requiring him to be sworn to the truth of his excuse, is not available to defendant, unless he had objected on that ground in the court below. We can not know that the presiding judge did not himself dis-

[Yellow-Stone Kit v. The State.]

cover that the juror appeared to be sick. Moreover, when an objection is made in a trial court, which does not in its very nature disclose the ground on which it is rested, candor and fair dealing alike require that the ground be stated. This course of practice will relieve judges of the imputation of appearing to decide what they had not in contemplation. When a general objection is made by counsel, and he refuses to disclose the ground or grounds of such objection, when interrogated thereto, the court commits no error in overruling it.—3 Brick. Dig. 443, § 567; *Wallis v. Rhea*, 10 Ala. 451; 1 Brick. Dig. 887, § 1189.

When witnesses are placed under the rule, it is discretionary with the presiding judge to permit exceptions to its enforcement. And to allow witnesses, previously examined, to be recalled at any stage of the trial, is also a matter of discretion which can not be reviewed.—1 Brick. Dig. 886, § 1174.

The Circuit Court erred in permitting the witness Robert Black to testify that, in his opinion, or judgment, certain tracks were made by defendant. It was for the jury to determine, from the facts deposed to, whether they were or not.—1 Brick. Dig. 873, §§ 978, 980, 982; 3 *Ib.* 435-6. Experts are an exception to the rule.

Charge No. 3, asked by defendant, ought to have been given. The other charges were argumentative, and were properly refused.

Reversed and remanded.