## C. B. Rogers & Co., Appellants, vs. James K. Munnerlyn et al., Appellees.

1. A mortgage embracing real estate and a stock of merchandise with permission to the mortgagor to retain and sell the goods in the usual course of trade without accounting to the mortgagee for the proceeds is void as to creditors of the mortgagor to the extent of the merchandise.

2. When a mortgage covers a stock of merchandise, and also real estate, and is constructively void as to the goods on account of the mortgagor's permission to continue in possession and sell the goods in the usual course of trade, but there is no fraudulent intent in fact in the execution of the mortgage, it will be valid as to the real estate.

3. A creditor who obtains judgment or sues out an attachment after the record of a valid mortgage is not entitled to protection under the statute as an innocent purchaser, although the debt upon which the judgment or attachment was based was contracted after the execution of the mortgage and before its record. Creditors and subsequent purchasers are placed upon the same footing under the statute as to prior unrecorded conveyances.

Appeal from the Circuit Court for Hillsborough county.

### STATEMENT.

The object of the bill in this case is the foreclosure of certain mortgages on real estate. It was originally filed by appellants, Charles B. Rogers and Edward A. Champlain, partners under the firm name of C. B. Rogers & Co., against James K. Munnerlyn and wife, and Fred. Thompson, as assignee, but subsequently Samuel H. Eckman and Abram Vetsburg, composing the firm of Eckman & Vetsburg, and Jacob R. Einstein in his own right, and as surviving partner of Einstein & Lehman, were made parties defendant.

The bill alleges that in November, 1885, James K. Munnerlyn was indebted to complainants in the sum of four thousand dollars, evidenced by four notes, each for one thousand dollars, bearing date the 12th of November, 1885, and due respectively six, twelve, eighteen and twenty-four months after date, with interest at the rate of eight *per cent. per annum* from date; and to secure the same, Munnerlyn and wife on the 19th of December, 1885, executed to complainant a mortgage.

The mortgage embraced lot six (6) in Block three (3) of Dwight's subdivision of the town of Clear Water Harbor, Hillsborough county, being part of section 16, Township 29, south of Range 15 east, as surveyed by C. E. Worth and recorded in book "K" page 531 of the records of said county; also one wharf extending out into the waters of said harbor from the foot of Center (now Cleveland) street, and joining the said lot. This mortgage also embraced a stock of merchandise in a store on said lot, though no foreclosure as to the merchandise is asked for in this suit. The mortgage was duly executed, but not recorded in Hillsborough county until the 20th day of September, 1888. It is alleged that the interest on the notes up to November 12th, 1887, was paid, but no part of the principal, or interest subsequent to said date had been paid, and that on the 13th of December, 1888, defendant Munnerlyn, in consideration of the principal sum of $4,000, and $320 interest due on said notes, executed to complainants four notes, each for $1,080, dated December 13th, 1888, and due respectively six, twelve, eighteen and twenty-four months after date, and that said notes evidenced the same indebtedness as those of November 12th, 1885, except the sum of $320, which was interest due at the time of making the last notes. That

to secure the notes executed on the 13th of December, 1888, Munnerlyn and wife executed a mortgage of that date on the same lot and wharf described in the first mortgage, and it is recited therein that it was made "as a *protanto* correction and confirmation of, and to secure the payment of the same indebtedness mentioned in the mortgage deed made by the said parties of the first part to C. B. Rogers & Co., dated December 19th, 1885, and recorded in book "G," page 335, in the records of said county, which mortgage deed was defective, in that it failed to properly describe the mortgagees who were described by their firm name, instead of as individuals." This second mortgage, dated December 13th, 1888, was recorded on the 18th day of that month.

It is further alleged that on the 21st of December, 1888, Munnerlyn and wife executed another mortgage to further secure the notes bearing date December 13th, 1888, and the lots described in this mortgage are three (3), four (4), five (5) and seven (7) in Block three (3) of Dwight's subdivision of the town of Clear Water Harbor, being part of section 16, Township 29, south of range 15 east, as surveyed and recorded in book "K," page 531 of the records of Hillsborough county. This mortgage was recorded on the 31st day of December, 1888. It is also alleged that on the 31st day of December, 1888, James K. Munnerlyn executed to defendant Thompson a deed of assignment, whereby the former conveyed all his property, real and personal, except his homestead exemption, to the latter in trust for the benefit of the former's creditors. The deed of assignment conveys a stock of goods in a store in Clear Water Harbor, the lots and wharf described in the mortgages to the complainants, and which lots and wharf

38

are conveyed subject to the said mortgages, and also certain other real estate in Hillsborough county. Various creditors are preferred in the deed of assignment, the complainants being the first. The mortgages, notes and deed of assignment referred to are filed with the bill and made a part of it.

As to defendants Eckman & Vetsburg and Jacob R. Einstein, subsequently made defendants to the bill, it is alleged that the former, on the 10th of December, 1888, sued out of the Circuit Court for Hillsborough county a writ of attachment against the estate of Munnerlyn, and which was on the same levied upon lots 2, 3, 4, 5, 6 and 7 of block 3 of Dwight's subdivision of Clear Water Harbor, in section 16, township 29, range 15 east, as recorded in book "K," page 530 of the records of said county, and a warehouse and wharf extending from lot 6 into said harbor; that on December 26th, 1888, said firm sued out another writ of attachment against Munnerlyn, which was levied, on the 28th of said month, upon the same property. That the late firm of Einstein & Lehman, of which Jacob R. Einstein was surviving member, sued out an attachment from the Circuit Court of Hillsborough county against Munnerlyn, and this writ was levied, on the 28th of the same month on the same real estate embraced in mortgages executed to complainants. That on the 26th of January, 1889, said attachments came on to be heard before the Circuit Judge on motion to dissolve, and the same were dissolved, and said parties, Eckman & Vetsburg and Einstein, appealed to the Supreme Court, where the said appeals were pending at the time of filing the bill.

It is further alleged that the mortgage lien of December 19th, 1885, on lot 6 and the wharf therein described was superior to the attachment lien of de-

fendants, Eckman & Vetsburg, levied December 10th, 1888, and that the mortgages of the complainants, dated December 13th and 21st, 1888, were superior to said attachment lien of Eckman & Vetsburg, levied December 28th, 1888, on lots 2, 3, 4, 5, 6, and 7, and also superior to the attachment lien of Einstein & Lehman of date December 28th, 1888.

Decree *pro confesso* was entered against the Munnerlyns and Thompson, and the other defendants answered. The answer of Eckman & Vetsburg alleges that James K. Munnerlyn became indebted to them for goods, wares and merchandise furnished to him in his business as a merchant, and that on the 10th of December, 1888, they sued out an attachment on a statutory ground mentioned, which was levied, on that date, upon the property alleged in the bill. It is also alleged that the mortgage bearing date December 19th, 1885, was fraudulent and void as to said defendants, because it embraced a stock of merchandise and the said mortgagor was permitted to remain in possession of the goods and sell the same at pleasure, and use the proceeds arising therefrom for his own benefit; also that said mortgage was executed on the 19th of December, 1885, and not recorded until the 20th of September, 1888. Further, that the mortgages dated the 13th and 21st of December, 1888, and the deed of assignment dated December 21st, 1888, are all subsequent to the attachment liens acquired by defendants, and that the subsequent mortgages are part and parcel of the same fraudulent transaction, and were all executed for the purpose of perfecting and maintaining the fraudulent lien attempted to be created by the first mortgage mentioned. That defendant had no knowledge of said mortgage until recorded in September, 1888, and that it was a fraud upon the creditors of

Munnerlyn, as he was left in possession of the property and acquired credit upon the faith thereof. The second levy of an attachment on the property of Munnerlyn is admitted, and it is alleged that the liens of the mortgages attached to the bill are subsequent to the attachment lien for the reasons stated. The dissolution of the attachments and the appeals are admitted.

The answer of Einstein alleges the suing out and levy of his attachment writ on the 26th of December, 1888, and in other respects his answer is, in substance, the same as that filed by Eckman & Vetsburg.

On final hearing upon bill, answers and proofs, the court dismissed the bill and complainant appealed.

Other facts are stated in the opinion.

*R. H. Liggett*, for Appellants.

*Phillips* and *Carter*, for Appellees.

MABRY, C. J.:

It is entirely clear from the evidence in this case that the debt from James K. Munnerlyn to appellants, and evidenced by the notes dated November 12th, 1885, and secured by the mortgage of date December 19th of that year on lot six (6), block three (3) of Dwight's subdivision of the town of Clear Water Harbor and the wharf extending into the water of said harbor from the foot of Cleveland street, was *bona fide* and has never been paid. At the time of taking said mortgage Munnerlyn did not owe any debt except that represented by the notes secured by the mortgage, and appellant supposed he was solvent and prosperous. The testimony of C. B. Rogers, Edward A. Chaplain and James K. Munnerlyn all show that the said mortgage

was executed to secure a valid *bona fide* claim, and there is no verbal testimony to contradict what they say.   Appellees introduced no evidence except a chattel mortgage from Munnerlyn to appellants on a stock of goods in a store in Clear Water Harbor, and bearing date the 15th day of December, 1888, to secure the same indebtedness represented in the first mortgage of December 19th, 1885.   On the face of the papers as shown in the statement herewith filed, and the chattel mortgage of December 15th, 1888, it is claimed for appellees that the decree dismissing the bill was correct.

We are unable to conclude that there was any fraud in fact intended by the parties in the execution of the mortgage of December, 1885, or in any of the transactions between the parties, and the uncontradicted evidence of appellants removes any unfavorable inferences of a fraudulent intent in fact that may arise from the failure to record the mortgage for the length of time shown.   There was no agreement between the parties not to record the mortgage, as insisted for appellees, and whatever validity attaches to this mortgage must appear upon its face and the course of dealing under it.   It is insisted that the martgage is void because it embraces a stock of merchandise and the mortgagor was permitted to retain possession and dispose of the goods in the usual course of trade without accounting to the mortgagees for the proceeds.   The testimony of Munnerlyn shows that he retained possession of the stock of goods described in the mortgage and disposed of them in his usual course of business, and according to our decisions the mortgage was void as to creditors so far as the merchandise is concerned, Eckman & Vetsburg vs. Munnerlyn, 32 Fla. 367, 13 South. Rep. 922; Einstein & Lehman vs. Mun-

nerlyn, 32 Fla. 381, 13 South. Rep. 926; First National Bank vs. Wittich, 33 Fla. 681, 15 South. Rep. 552.

No claim is made in this suit to the goods, and we have presented the question whether the mortgage is void as to the real estate therein described on account of the clause in reference to the personal property, and the dealings therewith by the mortgagor. This question has never been settled by this court, and the decisions on it in other States are conflicting. The view taken by several courts is that the mortgage deed being void in part, is void as an entirety, but there are many decisions to the contrary. It is said in United States vs. Bradley, 10 Peters, 343, "that bonds and other deeds may, in many cases, be good in part and void for the residue, where the residue is founded in illegality, but not *malum in se*, is a doctrine well funded in the common law and has been recognized from a very early period." We will not enter upon a review of the decisions bearing on the question, but will simply state the rule which, in our judgment, is supported by the better reason and authority. It is, that when a mortgage covers a stock of merchandise, and also real estate, and is constructively void as to the goods on account of the mortgagor's right to continue in possession and sell the goods in the usual course of trade, but there is no fraudulent intent in fact in the execution of the mortgage, it will be valid as to the real estate. Davenport vs. Foulke, 68 Ind. 382, S. C. 34 Am. Rep. 265; Barnet vs. Fergus, 51 Ill. 352, S. C. 99 Am. Dec. 547; Lund vs. Fletcher, 39 Ark. 325; S. C. 43 Am. Rep. 270; Hayes vs. Wescott, 91 Ala. 143, 8 South. Rep. 337; Bullene vs. Barrett, 87 Mo. 185; State vs. Tasker, 31 Mo. 445. In New York, and the States following her decisions, the rule seems to be different.

The next contention in favor of the decree is, that appellants can not enforce their mortgage of December, 1885, against appellees, Eckman & Vetsburg and Einstein & Lehman, because it was not recorded until after their debts against Munnerlyn were contracted, and that they were subsequent creditors of Munnerlyn without notice of the mortgage. Our statute provides that no conveyance, transfer or mortgage of real property, or of any interest therein, shall be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same shall be recorded. McClellan's Digest, p. 215, sec. 6. The proper construction to be placed on this statute was considerably discussed in the case of Massey vs. Hubbard, 18 Fla. 688. This decision places creditors and subsequent purchasers upon the same footing in respect to notice of a prior conveyance not recorded. A purchaser of real estate after a prior conveyance thereof to another party has been put on record, though its record has long been postponed, would not be an innocent purchaser, because of the constructive notice given by registration at the time of his purchase. This court said in Doyle vs. Wade, 23 Fla. 90, 1 South. Rep. 516, that a "judgment is a lien on real estate which has been conveyed by deed by the defendant in execution prior to the rendition of the judgment, but which was not recorded, and of which the judgment creditor did not have actual notice at the time of entering such judgment. If the judgment creditor had no notice of the deed, either actual or constructive, his lien was complete, and a purchaser at a sale thereunder would take such title as the records showed to be in the defendant in the judgment without regard to whether the purchaser had notice of it or not." See, also,

Lusk vs. Reel, decided at this term. Where the creditor obtains a judgment and secures a lien on real estate before a prior deed from the judgment debtor is recorded, it is settled that the judgment creditor has the superior right to satisfaction out of the property; but what about a creditor who has not secured any judgment lien? Does "creditor" in the statute mean a creditor at large, or one who has secured a lien by judgment or attachment? In Massey vs. Hubbard, *supra*, this court followed the decisions in Alabama and New Jersey, where statutes similar to ours existed, and according to the decisions in those States, the creditors referred to in the statutes did not mean creditors at large, but such as had obtained liens *on* the recovery of judgments. Smith vs. Zurcher, 9 Ala. 208; Daniel vs. Sorrells, Ibid, 436; Wallis vs. Rhea & Ross, 10 Ala. 451; Wyatt vs. Stewart, 34 Ala. 716. As sustaining the same view, see Cameron, Hull & Co. vs. Marvin, 26 Kansas, 612; Commercial National Bank vs. Colton, 17 R. I. 226, 21 Atl. Rep. 349.

The facts in the case are, that Munnerlyn became indebted to Eckman & Vetsburg and Einstein & Lehman after the execution of the mortgage of December, 1885, and before its record in 1888, but they did not sue out attachments and seize the property of Munnerlyn until something over two months after said mortgage had been recorded. They had knowledge of this mortgage before any attachment suits were instituted by them, and, in our judgment, their liens were subordinate to the lien of the mortgage of 1885. From what has been said it is apparent that the court erred in dismissing appellant's bill. As to lot six (6) and the wharf described in the first mortgage, they had a superior lien and it should have been enforced. It is conceded on the record that the attachments sued out

by Eckman & Vetsburg and Einstein & Lehman against Munnerlyn had been dissolved in the Circuit Court, but they had prosecuted appeals from the orders dissolving the attachments, and the appeals were pending in this court at the final decree in the present case. The appeals have been decided in this court, and resulted in a reversal of the orders dissolving the attachments (Eckman & Vetsburg vs. Munnerlyn, and Einstein & Lehman vs. Munnerlyn, *supra*). As to the other lots described in the mortgages subsequent to the one executed in 1888, the priorities of liens of the mortgages and attachments should be adjusted according to the dates of levies of the attachments and the record of the mortgages or notice thereof. No rights are asserted under the deed of assignment, and nothing is determined in reference to it.

The decree is reversed for further proceedings in accordance with this opinion. Ordered accordingly.