R. C. BOWERS, as Trustee in Bankruptcy for the Estate of E. C. PEARSON, Bankrupt, *Appellant,* v. ROSA M. PEARSON, by her next friend, H. H. HOBBS, *Appellee.*

Division B.

Opinion filed May 28, 1931.

Petition for rehearing denied June 12, 1931.

*E. G. Baxter* and *E. A. Clayton,* of Gainesville for Appellant;

*Thomas W. Fielding,* of Gainesville, for Appellee.

PER CURIAM.—Where a mortgage foreclosure suit is started, and a *lis pendens* filed, the *lis pendens* can only affect transfers and assignments which are made after the suit is started and after the *lis pendens* is filed. Baker v. Bartlett, 56 Am. St. Rep. 594; Wingfield v. Neall, 116 Am. St. Rep. 882. The *decree* of the U. S. Court referred to in the plea in this case was therefore not binding on the appellant as assignee of the mortgage, who never was made a party, actually or constructively, in the U. S. Court suit, and whose assignment of mortgage *antedated* the filing of such suit. The assignment is directly shown not to have been made *pendente lite* altho unrecord-

ed as required by statute, Section 5744, C. G. L., 3841 R. G. S., until after the U. S. Court suit was filed.

The plea which was over-ruled by the Chancellor, whose order is appealed from in this case, undertook to set up as a defense to foreclosure by the assignee of the mortgage, an adverse *adjudication* by the U. S. Court which was not binding on the assignee altho her assignment was recorded after the suit was filed, because she was not a party to such suit and her rights could not have been legally determined by the decree made by the U. S. Court.

The plea based on the effect of the adjudication of the U. S. Court in no wise undertook to raise the question of the *rights* of appellant to foreclose her mortgage, under her unrecorded assignment, as against the appellee, as a trustee in bankruptcy for the bankrupt estate of the assignor. Whether the trustee in bankruptcy represents the creditors of the assignor of the mortgage and is entitled to the benefit of the statute against unrecorded mortgage assignments, as contended by appellants, is not presented by the plea which confines itself to reliance upon the adjudication of another court, which we hold was not binding on appellant.

The order over-ruling the plea to the bill of complaint is therefore affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.