LAURA B. O'BRYAN, *et vir.* (Defendants below), v. DR. P. PHILLIPS & SONS, INC., (Complainant below), *et al.*
166 So. 820.
Division B.
Opinion Filed March 23, 1936.
Rehearing Denied April 10, 1936.

Lewis *O'Bryan* and *George P. Garrett,* for Appellants; *Hugh Akerman,* for Appellees.

PER CURIAM.—Prior to June 15, 1925, Ethel Ray Pinski sold certain lands in Osceola County to Frank M. Butt, who made a cash payment and executed his purchase money mortgage describing the lands purchased to secure deferred payments. Butt sold the same lands to W. J. O'Leary, who in turn sold them to Tiffany Realty Company, each making a cash payment and a mortgage back to secure deferred payments.

The first mortgage executed by Butt in favor of Ethel Ray Pinski matured and not being paid she brought suit March 24, 1927, to foreclose making Butt, O'Leary, and Tiffany Realty Company parties defendant. A notice of *lis pendens* was filed in Osceola County at the time the suit to foreclose was instituted. The cause proceeded to final decree August 27, 1927. A. C. Slaughter purchased the lands at foreclosure. The sale was confirmed and on October 10, 1927, Slaughter conveyed said lands to Ethel Ray Pinski who on October 14, 1927, conveyed them to appellee, Dr. P. Phillips & Son, Inc., a Florida corporation.

On December 3, 1934, Dr. P. Phillips & Sons, Inc., exhibited its bill of complaint in the Circuit Court of Osceola County to quiet its title to said lands. Frank M. Butt, W. J. O'Leary, Laura B. O'Bryan, and Lewis O'Bryan, her

husband, were made parties defendant. Laura B. and Lewis O'Bryan moved to dismiss the bill which was denied. They then filed their answer in which was incorporated a counterclaim. A motion of complainant to strike the counterclaim and portions of the answer was granted from which order the present appeal was prosecuted. The order denying the motion to dismiss and the order striking portions of the answer and counterclaim are assigned as error.

The appellants claim title to the lands by virtue of a quit claim deed executed to them by Tiffany Realty Company, March 8, 1927, and recorded in Osceola County, June 15, 1927. It is contended that as against appellants, appellee has not been in adverse possession of the premises and that appellants should be awarded reasonable compensation for the use of the premises by appellee.

The record in the case and contention of appellants have been thoroughly considered. We fail to find sufficient basis to uphold the claim of appellants. The quit claim deed from Tiffany Realty Company to Laura B. O'Bryan is their sole reliance to support title and it was executed after the suit and notice of *lis pendens* of Ethel Ray Pinski to foreclose was instituted and filed. They were consequently purchases *pendente lite* and were on notice of the foreclosure sale by appellee and were bound by it. Not only that but they permitted appellee to make valuable improvements on the land and waited more than seven years after the purchase by appellee when it had brought suit to quiet title before asserting their claim. Under these circumstances appellee's title having ripened by adverse possession they are now estopped to assert any claim against the lands in controversy. Ray v. Hocker, 65 Fla. 265, 61 So. 500.

It follows that the judgment of the Circuit Court must be and is hereby affirmed.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.