Rosa M. Pearson, etc., v. R. O. Bowers, as Trustee in Bankruptcy.

167 So. 39.
Division A.
Opinion Filed March 30, 1936.

*Fielding & Duncan* for Appellant;

*Baxter & Clayton,* for Appellee.

Per Curiam.—E. C. Pearson, joined by his wife, Rosa M. Pearson, on June 9, 1924, gave a mortgage on certain lands owned by him to the Bank of Alachua, to secure the payment of a note given by E. C. Pearson to said Bank for $2,500.00. Later he filed a voluntary petition in bankruptcy listing the lands as an asset and the mortgage as a liability,

and in order that the trustee in bankruptcy could have the land free of the inchoate right of dower vested in the wife, Pearson and his wife, present appellant, executed a quit claim deed conveying the said lands to said trustee. On April 28, 1926, E. C. Pearson was discharged in bankruptcy.

The trustee failed to pay the mortgage held by the Bank, and the Bank for a valuable consideration, to-wit, $2,500.00, by an assignment dated June 28, 1926, but not actually executed until May 13, 1927, and recorded the next day, assigned the note and mortgage to Rosa Pearson and she thereafter instituted this suit to foreclose the same.

The trustee's answer alleged payment of the mortgage by E. C. Pearson, and that the assignment to his wife was a "subterfuge and fraud."

The question of comity and the effect of the Federal decree was taken up and disposed of by this Court on the former appeal of this case, Bowers v. Pearson, 135 Sou. 562.

The appellee alleges that E. C. Pearson "paid off" the mortgage, but did not state why he paid it off or that he was legally obligated to pay it. He was discharged in bankruptcy two months before. He was therefore not legally obligated to pay this mortgage.

In this case the appellee failed to prove the allegations of fraud. He contends that because the written assignment was not actually made at the time the Bank was paid the $2,500.00, and was not executed until the day the trustee filed the suit to cancel the mortgage, this circumstance should be looked upon with suspicion. This is not necessarily true, because if E. C. Pearson was the alert business man the appellee contends he was, it seems that he would have had the note and mortgage cancelled and delivered to him if he had "paid it off." The fact that he left the note and mortgage with the Bank does not necessarily imply

fraud, or that it was his intention to pay the mortgage, rather than purchase it for his wife with the funds to the credit of C. A. Williams Co., as he testified he did. That E. C. Pearson should negotiate the purchase for his wife, or that he should testify in her behalf, is not of itself evidence of fraud. He had the right to act as his wife's agent under Section 5867 C. G. L.

Family corporations are viewed with a certain amount of suspicion when they are used to place assets out of the reach of family creditors, but in this case the corporation, C. A. Williams Co., whose stock was held by the members of the Pearson family, is not shown to have been used in that way. The money to its credit with the Bank, so the testimony shows, was used to buy the note and mortgage in question for Rosa M. Pearson, and if she holds in trust for the corporation, that is a matter between the company and Rosa Pearson. The testimony tends to show that the money to the credit of C. A. Williams Co. with the Bank really belonged to Rosa M. Pearson, who owned most of the stcok.

E. C. Pearson testified that he bought the note and mortgage in question for Rosa M. Pearson with the funds of the C. A. Williams Company, and no invalidity of the assignment is shown nor any fraud on the part of the Bank. The assignment shows that the mortgage was "granted, bargained, sold, assigned, transferred, and set over" by the Bank to Rosa M. Pearson for the sum of $2,500.00. The trustee, Bower, paid nothing for the note and mortgage, and in the absence of proof substantiating the allegation of fraud, or that E. C. Pearson merely paid the mortgage instead of buying it for his wife, this Court must reverse the decree of the lower court.

Reversed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.