111 So.2d 712 (1959)
Eleanor T. FRELIGH, Appellant,
v.
Irvin MAURER, Appellee.
No. 784.
District Court of Appeal of Florida. Second District.
May 6, 1959.
William S. Belcher, of Wylie & Belcher, Paul H. Roney, St. Petersburg, for appellant.
Allen R. Samuels, William E. Nodine, of Richards & Nodine, Clearwater, for appellee.
STURGIS, WALLACE E., Associate Judge.
The appellant, Eleanor T. Freligh, hereinafter referred to as the intervenor, seeks reversal of a final decree which gave priority under a lis pendens to an alleged lien *713 of the appellee, Irvin Maurer, plaintiff below, over the interest of the intervenor under a warranty deed of real property conveyed to her by James A. Cook and Violet M. Cook, husband and wife, defendants below, against whom a decree pro confesso was entered and who are not parties to this appeal.
The undisputed facts show that the intervenor in good faith and for a substantial consideration consummated the purchase of the subject property from the defendants about two hours prior to the filing by plaintiff of a suit in equity against intervenor's grantors to establish an equitable lien on the subject property, and the filing at the same time of a lis pendens therein. Neither the plaintiff nor the intervenor was aware of the conflicting claims of the other. Intervenor's deed of conveyance was not filed for record at the time the notice of lis pendens was filed, but was filed while said suit was pending.
The complaint charged, in substance, that the plaintiff and defendant Violet M. Cook, who owned realty in the state of Wyoming and was engaged in the construction of homes in Florida, entered into an agreement whereby plaintiff was to advance certain moneys to be used by that defendant in said business and to be secured by a mortgage on her Wyoming property. Their agreement was not recorded, but its terms were such that the defendant Violet M. Cook had authority to convey property in connection with which she utilized funds of the plaintiff free and clear of any lien, claim or demand of the plaintiff. While the Wyoming mortgage referred to in that agreement is not exhibited and while our conclusions are such that its existence is immaterial, the clear inference of the complaint and exhibits is that it was duly executed and delivered, so that it became the sole security for the advancement of funds by the plaintiff.
Property other than that in which the intervenor is interested was also involved. The sole allegation of the complaint directed toward the property in which the intervenor is interested is that the Cooks, intervenor's grantors, own it and constructed a dwelling thereon "with moneys obtained from plaintiff." On that basis plaintiff sought an accounting of the moneys alleged to be due and the imposition and enforcement of an equitable lien on the property here involved
After a decree pro confesso had been entered against the Cooks for failure to appear or defend, the intervenor for the first time became advised of the pending suit and promptly filed her petition to intervene. Intervention was permitted by an order which specified that the intervenor could not attack the sufficiency of the complaint or the claim of the plaintiff against the Cooks, limited her intervention to an assertion of her rights to the real property described in the complaint, and provided that the intervention was "in recognition of and subordinate to" the main proceeding.
The intervenor's answer alleged, inter alia, that she was owner of the subject property, that she purchased it from the defendants pursuant to an agreement that was consummated prior to the filing of the lis pendens, that at the time of closing the purchase she "had no notice whatsoever of any claim or demand of the plaintiff" in and to the property, and that her title thereto was superior to that of the plaintiff. She sought a decree in her favor confirming her title as being free and clear of any claims of the plaintiff. Her answer also sought to set up defenses which she deemed to be available to the defendants and therefore available to her as their successor in interest, but these defenses were on motion of plaintiff stricken.
Thereupon plaintiff moved for a decree on the pleadings and the intervenor moved for a summary decree which was supported by affidavits showing that prior to the filing of the lis pendens she purchased the subject property for $15,950, received a warranty deed from the defendants and recorded the same after the filing of the lis pendens, and that she purchased the same without knowledge *714 of any claim or demand of the plaintiff against the land or of any transaction between the plaintiff and the Cooks as disclosed by the complaint. It is implicit in the record that the Cooks were in possession at the time of the conveyance and at the time of the filing of the lis pendens. The final decree granted plaintiff's motion for summary decree, established an equitable lien upon the subject property, and authorized the enforcement thereof.
The appellant-intervenor contends that upon execution and delivery of the deed she became a bona fide purchaser for value and that the filing of the suit to enforce an unrecorded and unliquidated claim, accompanied by a lis pendens describing the subject realty, did not adversely affect her title. The plaintiff-appellee insists that F.S. Section 695.01, F.S.A. controls and that appellant's failure to record the deed prior to recordation of the lis pendens renders her title inferior and subordinate to the lien established by the decree. The statute provides:
"695.01 Conveyances to be recorded

"No conveyance, transfer or mortgage of real property, or of any interest therein, nor any lease for a term of one year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; * * *"
The statute is clear in protecting "subsequent purchasers for a valuable consideration and without notice," creating an estoppel against the non-recording party. While it does not specify the kind of "creditors" it is designed to protect, it is well established that it applies only to a creditor who has reduced his claim to a lien or judgment. C.B. Rogers & Co. v. Munnerlyn, 36 Fla. 591, 18 So. 669; Eldridge, Dunham & Co. v. Post, 20 Fla. 579; Massey v. Hubbard, 18 Fla. 688. If this were not the rule, the whole purpose of the act would be destroyed since abstractors could never check all possibilities as to "creditors at large" or general creditors. It is obvious that a lis pendens is not the equivalent of a decree establishing a lien and that the plaintiff in this cause was at the commencement of the suit endowed with nothing more than a justiciable right.
In Carolina Portland Cement Co. v. Roper, 68 Fla. 299, 67 So. 115, 116, our Supreme Court vividly points up the necessity for reducing a claim to judgment as a predicate for the protection afforded by the statute:
"An execution creditor, equally with a subsequent purchaser, is protected under the statute against unrecorded deeds, and, in order to deprive such judgment creditor of the protection of the recording statute, it must be shown that he had notice in some recognized way of the right of the party claiming under the unrecorded deed at the time of the rendition of his judgment."
The clear implication of this language is that an unrecorded and unliquidated claim, such as is here involved, cannot by the filing of a lis pendens be raised to the dignity of a record interest in land so as to establish a priority by force of the statute alone. We are not concerned with and do not undertake to state the rule that might be applicable in the event a bona fide purchase without notice and for value is consummated after the filing of a lis pendens upon a claim as is here involved. We hold that the pronouncement of the appellee by the vehicle of a lis pendens did not have the effect of establishing a priority as against the equity of the intervenor. It is noted that appellee did not sue out an attachment in aid of the equitable lien which he sought to establish.
Appellee cites O'Bryan v. Dr. P. Phillips & Sons, 123 Fla. 302, 166 So. 820, in support of the proposition that the filing of a lis pendens is sufficient to establish a priority over any third person who has not recorded his interest. In that case the plaintiff filed a lis pendens in a foreclosure proceeding *715 against several mortgagees, one of whom had quitclaimed his interest to another under a deed that was executed prior to the filing of the lis pendens but not recorded until after the lis pendens was filed. The mortgage in foreclosure, however, was recorded prior to the execution of the deed. The Supreme Court held that the grantee under the deed was the purchaser pendente lite and that his interest was subordinate to those claiming through the foreclosure of the mortgage that was duly recorded at the time the deed passed, and that since the priority of the mortgage was established the lis pendens controlled. These facts are clearly distinguishable from those in the case on review, for here we find no instrument of record at the time the purchase was consummated placing the appellant on notice that anyone other than her grantor had any interest in the land. At that time, as when appellant intervened, appellee had only a chose in action.
A review of the other cases cited by appellee reveals that each involved a creditor who had reduced his claim to a lien or judgment of record prior to the recordation of the instrument relied on to support a superior title or lien. In Feinberg v. Stearns, 56 Fla. 279, 47 So. 797, the creditor had recovered a judgment prior to recordation of the deed. In Stockton v. National Bank of Jacksonville, 45 Fla. 590, 34 So. 897, the creditor had sued out a writ of attachment and caused it to be levied on the property before the grantee recorded its deed.
The case of Van Eepoel Real Estate Co. v. Sarasota Milk Co., 100 Fla. 456, 129 So. 892, upon which both parties rely, involved a question of priority between a mortgage and a mechanic's lien. A purchase money mortgage was executed on November 25 and recorded April 21 of the following year. The mechanic, dealing directly with the mortgagor, commenced work on April 12 and completed it on April 16. At that time the statute (§ 5380 C.G.L. 1927) provided that a mechanic dealing directly with the owner or any person in privity with him could acquire a lien by the performance of labor or the furnishing of materials, but that as against any purchaser or creditor the lien could only be acquired as from the time of filing notice thereof. The Supreme Court held the mechanic's lien superior on the theory that the statutory lien attached by the performance of the work for the mortgagor-owner, and that at that point his status became the same as that of a mortgagee holding an unrecorded mortgage. On that basis it was held that failure of the holder of the purchase money mortgage to record it worked an estoppel in favor of the statutory lienor who as a junior creditor was entitled to the protection of the statute, had dealt with the property in reliance on the title as it existed of record by the voluntary withholding of the mortgage from record, and whose position was changed thereby. The conclusions in that case, therefore, are altogether consistent with our holding in the case on review. Indeed, the appellee here, by failing to secure and record an instrument reflecting his alleged lien and by not asserting it by suit and lis pendens prior to the purchase by the appellant, permitted the appellant to deal with the property in reliance upon the title as it existed of record.
Summarizing, we hold that the appellant-intervenor's title and estate under the deed from the Cooks is prior and superior to any right, title, interest, lien or estate of the appellee-plaintiff. Accordingly, intervenor's motion for summary decree should have been granted and the title derived by her under the deed decreed to be superior in all respects to any right, title, interest or estate held or claimed to be held by the plaintiff.
The decree appealed is therefore reversed to the extent indicated hereby and the cause remanded to enter a supplemental decree in accordance herewith.
KANNER, C.J., and SHANNON, J., concur.