335 So.2d 859 (1976)
NATIONAL BANK OF SARASOTA, Appellant,
v.
J.T. DUGGER, Sr., et al., Appellees.
No. 75-1580.
District Court of Appeal of Florida, Second District.
August 2, 1976.
Phillip A. Wolff of Kirk, Pinkerton, Sparrow, McClelland & Savary, Sarasota, for appellant.
Henry P. Trawick, Jr., of Millican, Trawick & Griffis, Sarasota, for appellees, J.T. Dugger, Sr., and John T. Dugger, Jr.
BOARDMAN, Judge.
This is an appeal from a judgment holding that the perfected security interest of the appellant/defendant in certain tangible personal property is inferior to the purchase money mortgage of the appellees/plaintiffs, J.T. Dugger, Sr. and John T. Dugger, Jr. (Duggers), on the same personalty.
The facts of this case are not disputed. The Duggers sold a parcel of real property and a motel situate thereon to William and Regina Baker (Bakers). The Bakers executed a purchase money mortgage in favor of the Duggers on the realty and certain *860 personalty consisting of furnishings, fixtures, and other items used in the motel. The mortgage was recorded in the official records January 18, 1973. The Duggers did not file a financing statement on the personalty pursuant to the Uniform Commercial Code (UCC), and did not perfect their security interest. On April 24, 1973, appellant made an unsecured loan to the Bakers. The loan was renewed February 1, 1974, and at the same time the Bakers executed a second mortgage on the realty in favor of the appellant. This second mortgage was recorded February 6, 1974. On July 8, 1974, the Duggers filed an action to foreclose their purchase money mortgage on the realty, and filed a notice of lis pendens listing the realty and the personalty included by paragraph 13 of the mortgage. Appellant was joined as a party defendant, and on July 10, 1974, was served with a copy of the summons and notice of lis pendens. On July 11, 1974, appellant acquired a security agreement from the Bakers on the furniture, fixtures, and equipment, and on the inventory and soft goods used at the motel. The following day, appellant filed and recorded a financial statement with the Circuit Court of Sarasota County and with the Secretary of State on July 15, 1974.
This case is one of first impression in Florida. The question is whether an unperfected security interest recorded prior to filing notice of lis pendens prevails over a subsequently perfected security interest. We have been unable to find a case from Florida, or any other jurisdiction, in which the precise issue presented here was considered and decided.
The trial court found that the question was governed by O'Bryan v. Dr. P. Phillips & Son, Inc., 1936, 123 Fla. 302, 166 So. 820. In O'Bryan a quitclaim deed was executed two weeks before notice of lis pendens was filed, but the deed was not recorded until after the notice was filed. The Supreme Court of Florida held that the holders of the deed were bound by the lis pendens. We point out that in O'Bryan the holders of the deed waited seven years after the foreclosure and sale before asserting their interest, and the appellees' title had vested by adverse possession. O'Bryan did not overrule Bowers v. Pearson, 1931, 101 Fla. 714, 135 So. 562, wherein the Florida supreme court held that the filing of notice of lis pendens affects only transfers and assignments made after commencement of the suit and after the notice is filed. We have no quarrel with the law pronounced in the cited cases, but we do not believe that these pre-Code decisions are applicable to the facts presented here.
This is not a typical priority dispute between security interests because the perfected security interest of the appellant is clearly in a superior position vis-a-vis the unperfected security interest of the Duggers. See F.S.A. 679.9-312(5)(b). The UCC has established a system according to which conflicting security interests in the same collateral are assigned priority in order of perfection, which can be accomplished by filing a financing statement. See F.S.A. §§ 679.9-302(1), 679.9-312(5)(b). The UCC priority scheme is purely a race provision  first in time, first in line. See J. White & R. Summers, Uniform Commercial Code 906 (1972). To reach the conclusion that the Duggers' interest is superior to that of appellant, we would have to hold that merely filing notice of lis pendens is a method of perfection. We do not construe the UCC to so provide.
The Duggers contend that because the appellant had knowledge of their prior interest, its subsequently acquired interest is inferior.[1] We disagree. Knowledge is irrelevant under the controlling Code provision. See J. White & R. Summers, supra, at 906 & n. 4 citing UCC § 9-312(5), comment 4, ex. 3.
We are impressed by the comments to Article 9 of the Code, specifically adopted in Florida, effective January 1, 1967, that the purpose of the UCC is to provide "a simple and unified structure [treating *861 personal property security law] within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." F.S.A. § 679.9-101, comments. An introductory provision to the UCC states that the
(2) [u]nderlying purposes and policies of this code are:
(a) To simplify, clarify and modernize the law governing commercial transactions;
(b) To permit the continued expansion of commercial practices through custom, usage and agreement of the parties;
(c) To make uniform the law among the various jurisdictions.
[F.S.A. § 671.1-102].
The legislature of this state by adopting the UCC and the comments thereto has elected to implement this purpose. In order to maintain nationwide consistency and uniformity in commercial transactions, we think that the better view is that the UCC perfection scheme is not subordinate to the doctrine of lis pendens.
We repeat that the sole issue presented here is whether the filing of lis pendens suspends operation of the UCC procedure. We hold that the UCC priority scheme has precedence and that rights created by that system cannot be cut off or defeated by filing a notice of lis pendens. The Duggers have not filed a UCC financing statement although they have recorded their mortgage on the personalty. Their interest would be superior to another unperfected security interest later in time, but not against any perfected security interest. Filing notice of lis pendens does not of itself create any interest in the property, nor does it create any superior rights for the litigant who files the notice. Freligh v. Maurer, Fla.App.2d, 1959, 111 So.2d 712; 1958 Op.Atty.Gen., 058-135, filed April 21, 1958. Lastly, we must then look to the underlying interests of the appellant and the Duggers. The Duggers have an unperfected security interest and the appellant has a perfected security interest. Consequently, the appellant's security interest is superior.
We, therefore, reverse the order of the trial court and remand for the entry of an appropriate order consistent with this opinion.
REVERSED and REMANDED.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] Appellant is not a lien creditor. See F.S.A. § 679.9-301(3).