781 So.2d 1159 (2001)
Carolyn SELIGMAN, Appellant,
v.
NORTH AMERICAN MORTGAGE COMPANY, Sylvester M. Bestwina, if living and if dead, the unknown spouses, heirs, devisees, grantees, assignees, lienors, creditors, trustees and all other parties claiming an interest by, through, under or against Sylvester M. Bestwina; John Doe 1, John Doe 2 and John Doe 3, Jane Doe 3, as unknown tenants in possession, Appellees.
No. 4D00-1588.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
*1160 John P. Page, Tampa, for appellant.
John M. Jorgensen and Kevin M. Wagner of Scott, Harris, Bryan, Barra & Jorgensen, Palm Beach Gardens, for Appellee-North American Mortgage Company.
HAZOURI, J.
Carolyn Seligman appeals from a final summary judgment of foreclosure of a mortgage on marital property executed by her former husband, Sylvester Bestwina, in favor of North American Mortgage Company (NAMC). We reverse.
On May 5, 1997, Carolyn Seligman filed a petition for dissolution of marriage from Sylvester M. Bestwina. The marriage was one of nineteen years in duration. Seligman requested equitable distribution of the marital assets including real property and she filed and recorded a notice of lis pendens on May 6, 1997, which provided:
 To: Sylvester M. Bestwina
 Cypress Chase Apartments
 4899 NW 26th Court, Apt 205
 Fort Lauderdale, FL 33313
AND OTHERS WHOM IT MAY CONCERN
YOU ARE NOTIFIED of the institution of this action by CAROLYN SELIGMAN, Petitioner/Wife, against you seeking dissolution of marriage and relief concerning the following property in Broward County, Florida:
SUNSHINE VILLAS FIRST ADD
Book 71Page 45 B
LOT 10 BLK 5
On June 11, 1997, more than a month after the lis pendens was recorded, Bestwina, as a single man, gave a mortgage and promissory note to NAMC on the same property in the amount of $80,800. NAMC recorded the mortgage on August 22, 1997. On May 12, 1998, Seligman obtained an order extending the notice of lis pendens and recorded the same.
On December 8, 1998, NAMC filed its Complaint To Foreclose Mortgage and to Reestablish Lost Loan Documents naming "Bestwina If Living, and If Dead, the Unknown Spouse," and Carolyn Seligman, among others, as defendants. The complaint alleged Sylvester Bestwina, (still) a single man, had defaulted under the terms of the note and mortgage. It further alleged with respect to Seligman:
14. The Defendant, CAROLYN SELIGMAN, is joined because SHE may claim some interest in or lien upon the subject property by virtue of a possible homestead interest. Said interest is subject, subordinate *1161 and inferior to the interest of the Plaintiffs mortgage.
15. The Defendant(s) CAROLYN SELIGMAN is joined because SHE may claim some interest in or lien upon the subject property by virtue of the following:

 Recording Official
 Type of Lien Date Record
 ------------ ---- ------
 Book Page
 ---- ----
POSSIBLE INTEREST 5/16/97 26432 984
 OF NOTICE OF LIS
 PENDENS
ORDER EXTENDING 5/12/98 28198 74
 LIS PENDENS

recorded in BROWARD County which are inferior to Plaintiffs Mortgage described herein.
Seligman filed a motion for judgment on the pleadings which alleged that the lis pendens was prior in time to the mortgage and, therefore, first in right. The trial court denied the motion and in the order denying the motion stated: "a lis pendens does not create an interest that is protected by the recording act." NAMC filed its motion for summary judgment of foreclosure and taxation of attorney's fees and costs and to reestablish lost loan documents as Bestwina and the other defendants besides Seligman were in default. Seligman then filed a cross-motion for partial summary judgment and again asserted the priority of her lis pendens arguing that the court did not have jurisdiction over the subject matter because jurisdiction was with the court that had the underlying action (the dissolution petition).
On July 14, 1999, the trial court entered an order granting NAMC's motion for summary judgment and denying Seligman's, again stating "[a] lis pendens does not create an interest." Seligman appealed this non-final order.
On February 1, 2000, Final Judgment of Dissolution of Marriage was entered on Seligman's earlier petition which awarded Seligman the property at issue here, a triplex, in equitable distribution. The family court gave the legal description of the property and stated:
The Wife hereby takes title to the above described real property free from any liens, encumbrances or judgments recorded after the date of the lis pendens filed in this case on May 5, 1997. This Court specifically finds that any liens, encumbrances or judgments on the real property recorded after the recording of the lis pendens are inferior to the right, title and interest herein awarded to the Wife, Carolyn Seligman.
On February 8, 2000, this court dismissed the appeal of a non-final order for lack of jurisdiction. Upon the trial court reacquiring jurisdiction, Seligman filed a motion to dismiss claims on the property and the claims against her based upon the Final Judgment of Dissolution and the award of the property to her. NAMC moved for entry of final summary judgment. The trial court denied Seligman's motion to dismiss and entered summary final judgment in foreclosure on April 20, 2000. Seligman's motions for stay and for rehearing were denied on May 2, 2000, resulting in the instant appeal.
The trial court's decision rested in part on section 695.01, Florida Statutes (1997), which provides in pertinent part:
(1) No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law
. . .
However, section 48.23, Florida Statutes (1997), entitled Lis Pendens provides in part:
(1)(a) No action in any state or federal courts in this state operates as a lis *1162 pendens on any real or personal property involved therein or to be affected thereby until a notice of the commencement of the action is recorded in the office of the clerk of the circuit court of the county where the property is, which notice contains the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to the property.
(b) Except for the interest of persons in possession or easements of use, the filing for record of such notice of lis pendens shall constitute a bar to the enforcement against the property described in said notice of lis pendens of all interests and liens including but not limited to federal tax liens and levies, unrecorded at the time of filing for record such notice of lis pendens unless the holder of any such unrecorded interest or lien shall intervene in such proceedings within 20 days after the filing and recording of said notice of lis pendens. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in said notice of lis pendens, the property shall be forever discharged from all such unrecorded interests and liens. In the event said notice of lis pendens is discharged by order of the court, the same shall not in any way affect the validity of any unrecorded interest or lien.
(2) No notice of lis pendens is effectual for any purpose beyond 1 year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
In Peninsular Naval Stores Co. v. Cox, 57 Fla. 505, 49 So. 191 (1909), after citing to a prior similar version of section 48.23(1), the court stated:
The statute does not define the effect of a lis pendens notice when it has been filed and recorded. The effect of such a notice we are left to discover from the general law on the subject. Where such a notice is filed and recorded, the suit operates as a lis pendens, and its effect is to put every one on notice of the suit, and a purchaser of the property involved or of any interest therein of the parties defendant in the suit does so at his peril. He takes the risk of the result of the suit and is concluded by the judgment or decree therein, and it is not necessary that such a purchaser should be made a party thereto. It is said that such a notice is as efficient against a valid transfer or incumbrance of the property described in it as an injunction would be, and that such a notice binds all parties to the action together with all purchasers from them and all parties under them subsequently to the filing of the same.
Id. at 194 (Citations omitted).
Appellee cites Freligh v. Maurer, 111 So.2d 712 (Fla. 2d DCA 1959), in support of the trial court's finding that because the filing of a lis pendens is not a real interest in land, it is of no significance in the chain *1163 of title. However, a close reading of Freligh indicates it is factually distinguishable from this case.
Freligh purchased the Cooks's property in good faith and for consideration two hours before Maurer sued the Cooks to establish an equitable lien on the same property. Maurer filed a lis pendens at the same time he filed suit. Freligh's deed was not recorded at the time the notice of lis pendens was filed but was filed while the suit was pending. Freligh intervened in the suit. The trial court granted Maurer's lien on the property and Freligh appealed. Relying on section 695.01, the second district held that because a lis pendens is not the equivalent of a decree establishing a lien and Maurer had nothing more than a justiciable right when the suit was filed, Maurer was not a "creditor" as provided in that statute. Therefore, the conveyance to Freligh, which was not recorded, could still be good and effectual and there was no estoppel against the conveyance. The court however stated:
We are not concerned with and do not undertake to state the rule that might be applicable in the event a bona fide purchase without notice and for value is consummated after the filing of a lis pendens upon a claim as is here involved.
111 So.2d at 714 (emphasis added).
Seligman's husband did not attempt to dissolve this lis pendens before obtaining the mortgage on the property and the lis pendens was recorded before the mortgage giving NAMC notice of the pending suit.
In DePass v. Chitty, 90 Fla. 77, 105 So. 148, 149 (1925), the court discussed lis pendens:
The term `lis pendens' literally implies a pending suit. The doctrine of lis pendens is defined as the jurisdiction, power, or control which courts acquire over property involved in a suit pending the continuance of the action and until final judgment therein.
In Intermediary Fin. Corp. v. McKay, 93 Fla. 101, 111 So. 531, 532 (1927), the supreme court further held:
The general rule is that whoever purchases the subject-matter of a suit pendente lite takes subject to the decree or judgment. The doctrine of lis pendens is grounded on the theory that the parties to the suit will not be permitted to withdraw or alienate the subject-matter thereof pending litigation.
Under the uncontradicted facts of this case, Seligman's notice of lis pendens was properly recorded, remained in effect and was not dissolved at the time the mortgage was executed and recorded and at the time the foreclosure suit was filed. By operation of the common law doctrine of pendente lite to the facts, the court in the dissolution proceeding had jurisdiction over the property until final judgment and whoever might purchase or encumber such property takes subject to the dissolution judgment. The husband was not permitted to encumber or alienate the property pending litigation. NAMC had notice of the pending suit, knew it was a dissolution and, therefore, should have known the husband was not a single man as stated in the mortgage documents.
Finally, NAMC argues that the lis pendens is a nullity on its face because it does not set forth the relief sought as to the property as section 48.23(1)(a) requires. As we noted earlier, NAMC made no attempt to dissolve the lis pendens as defective. More importantly, the lis pendens in this case refers to the action filed as a dissolution of marriage and lists the property at issue. This is specific enough to set forth the relief sought; i.e., equitable distribution of the marital assets. For *1164 the above stated reasons, we reverse and remand for an entry of a judgment for appellant.
WARNER, C.J., and GROSS, J., concur.